18286

Bobby A. GRANTHAM, as Administrator of the Estate of Charlotte C. Grantham, Appellant, v. UNITED STATES FIDELITY AND GUARANTY CO., Respondent.

(139 S. E. (2d) 744)

*Messrs. Levin & Sams,* of Beaufort, *for Appellant,*

*Messrs. Thomas & Thomas,* of Beaufort, *for Respondent,*

*Messrs. Levin & Sams,* of Beaufort, *for Appellant, in Reply,*

December 15, 1964.

LEWIS, Justice.

This is an action to recover medical and funeral expenses allegedly due under the provisions of an automobile insurance policy, and this appeal involves the interpretation and application of a clause which excluded coverage for bodily injuries sustained by the insured while occupying an automobile "furnished for the regular use" of the insured or any relative.

The defendant issued to Mrs. Charlotte C. Grantham an automobile insurance policy covering a 1955 Pontiac automobile. The policy provided payments for medical and funeral expenses, up to $500.00, resulting from bodily injury caused by an accident while occupying or through being struck by an automobile. It extended such coverage while the insured was occupying a car other than the insured vehicle, but contained an exclusionary clause which provided that it did not apply to bodily injury sustained by the insured "while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an 'owned automobile'." The insured was killed in an accident while riding in an automobile furnished to her husband for his use by his employer. Upon the institution of this action by the administrator of the estate of the insured to recover medical and funeral expenses under the policy, the defendant denied liability upon the ground that bodily injury to the insured occurred while she was occupying an automobile "furnished for the regular use" of her husband within the meaning of the foregoing exclusion and was therefore not within the coverage afforded by the policy. The facts were undisputed and all issues were submitted to the trial judge for determination without a jury, resulting in an order denying recovery under the foregoing exclusionary provision. From this judgment, the plaintiff has appealed.

The parties are in agreement as to the facts. On December 25, 1961, the insured died as a result of injuries sustained

in an automobile accident which occurred while she was riding in an automobile owned by Beaufort Couny and driven by her husband, E. G. Grantham. The insured's husband was at the time of the accident, and had been for six years prior thereto, a deputy sheriff and employee of Beaufort County. He was furnished, on a full time basis, an automobile by the county for use in the performance of his duties, and was operating this vehicle at the time of the accident in question. He was also permitted to use the automobile for personal purposes, including the transportation of his family, within the County of Beaufort, but had no authority to use it for such purposes outside of the county except with special permission. This personal use of the automobile by the deputy sheriff was allowed because it enabled the sheriff to have constant contact with the deputy by radio, thereby providing better law enforcement. The insured's husband obtained special permission to drive the automobile on a personal trip to a distant place outside of the county. On this trip, and outside of Beaufort County, the accident occurred which resulted in the death of the insured. The record is silent as to whether the automobile had ever been used prior to this time to make a personal trip outside of the county.

The sole question for determination is whether the lower court erred in holding that the automobile in which the insured was riding at the time of her injury and death, was one "furnished for the regular use" of the insured or her husband within the meaning of the exclusionary clause in question. If the vehicle was so provided, it is conceded that the lower court correctly decided the issues.

Exclusion clauses, similar to that here involved, have been the subject of much judicial consideration. A collection of cases dealing with similar policy provisions is found in an annotation in 86 A. L. R. (2d) 937; and the question is discussed in 7 Am. Jur. (2d), Automobile Insurance, Sections 105 and 106, and 7 Appleman, Insurance Law and Practice, Section 4455. While we have not had prior occasion to consider the question now presented, the identical

policy provision has been considered in the following cases: *O'Brien v. Halifax Insurance Co. of Mass.* (Fla. App.), 141 So. (2d) 307; *Dickerson v. Millers Mutual Fire Ins. Co. of Texas* (La. App.), 139 So. (2d) 785; *Moore v. State Farm Mutual Automobile Insurance Co.,* 239 Miss. 130, 121 So. (2d) 125; *Travelers Indemnity Co. v. Hyde,* 232 Ark. 1020, 342 S. W. (2d) 295.

Insofar as it affects this case, the policy in question extends coverage to the insured if the injury is sustained while occupying an automobile other than the one defined in the policy, if the other automobile is not "furnished for the regular use" of the insured or her husband. The purpose of such policy provisions is to afford coverage for the infrequent and casual use of vehicles other than the one described in the policy, but not to cover the insured with respect to his use of another vehicle which he frequently uses or has the opportunity to use. The intent is clear to protect the insurer from a situation whereby an insured could purchase a policy covering one automobile and be covered without qualification as to all automobiles available for his use. *Leteff v. Maryland Casualty Co.,* La. App. 91 So. (2d) 123; *Aler v. Travelers Indemnity Co.,* D. C., 92 F. Supp. 620.

While there is authority to the contrary, such policy provisions are generally held to be unambiguous. 7 Am. Jur. (2d), Automobile Insurance, Section 105. As stated by the court in *Harter v. Country Mutual Ins. Co.,* 20 Ill. App. (2d) 413, 156 N. E. (2d) 243: "We are unable to agree with plaintiff's contention that there is an uncertainty as to the meaning of the language of the policy. It plainly states that an insured, injured while riding in any other car furnished for the 'regular use' of such person, shall not be entitled to certain benefits payable under the policy. Taken in its plain, ordinary sense, this language can only mean that the insured is not covered by the policy on the insured vehicle if he is injured in some other car which he can regularly use. The policy does not state that the exclusion applies only in case the other car is used on any particular

number of occasions. On the contrary, an insured, upon reading the same, could readily understand that the protection thereunder did not extend to every car in which he might be riding, but only to those which he did not have the right to use regularly. The factor determining whether the car used comes within the exclusion clause is whether such car is furnished for the regular use of the insured. In such situation, the rule that ambiguous language in an insurance contract shall be construed in favor of the insured has no application."

While the meaning of the policy provision is unambiguous, its application depends upon the facts of the particular case. Under the undisputed facts, the lower court correctly held, in our opinion, that the vehicle occupied by the insured at the time of her injury was one furnished for regular use within the meaning of the policy, and therefore excluded from coverage. The vehicle was furnished on a full time basis by Beaufort County to the insured's husband for both business and personal use, the only limitation upon the use of the vehicle for personal purposes being that it could not be used outside of the county without special permission. In keeping with the conditions under which the vehicle was provided, permission was obtained to make the personal trip outside of the county.

The automobile was available for business and personal use and was so used over an extended period of time. The use by the insured's husband for such purposes was not causal, occasional or infrequent. However, relying chiefly upon the case of *Pacific Automobile Insurance Co. v. Lewis,* 56 Cal. App. (2d) 597, 132 P. (2d) 846, the plaintiff contends that the vehicle was not furnished for regular use, insofar as this particular trip is concerned, because special permission was obtained to use the car on that occasion, indicating a special use outside of that for which it was furnished. The fact that permission was obtained, or that this may have been the first time the car was used to make a personal trip outside of the county, is not controlling under the facts of

150

this case. The undisputed facts are that the use, for which permission was otained, was of the same nature as that for which the vehicle was provided and was entirely in accord with the agreement under which it was furnished.

The judgment of the lower court is accordingly affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.