NOLAN BRACY, APPELLANT, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLEE.

204 N. W. 2d 174

Filed February 9, 1973. No. 38578.

Robert C. Vondrasek, for appellant.

Boland, Mullin & Walsh, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The problem in this case arises out of medical expense coverage provisions in two automobile insurance policies issued by defendant to plaintiff, the named insured. The district court rendered summary judgment for defendant, and plaintiff appeals. He asserts that the court misconstrued policy provisions.

The declarations of one policy described only a 1963 Corvette automobile owned by plaintiff, and they limited defendant's liability for medical expense to $1,000. The declarations of the other policy described a 1969 Dodge automobile and they limited defendant's liability for medical expense to $5,000. In the operation of the Corvette plaintiff sustained bodily injury that caused him medical expense in excess of $5,000. Defendant discharged its liability on the Corvette policy but denied liability on the Dodge policy. Plaintiff sued to recover $4,000 on the latter contract.

Aside from the declarations, the two policies for present purposes were identical in language. Defendant agreed "To pay all reasonable medical expense incurred within one year from the date of the accident: . . . To or for the named insured and each relative who sustains bodily injury caused by accident, . . . while occupying an automobile . . . ." An exclusion read: "This policy does not apply . . . to bodily injury sustained by the named insured . . . while occupying an automobile owned by . . . the named insured . . . , other than an automobile which qualifies as an 'owned automobile' as defined herein . . . ." "Owned automobile" was defined as

"the automobile described in the declarations." The headings, insuring agreements, and exclusionary clauses were equally prominent.

Objectively reasonable expectations of a beneficiary-insured relating to the terms of his insurance contract will ordinarily be honored. Nile Valley Coop. Grain & Milling Co. v. Farmers Elevator Mut. Ins. Co., 187 Neb. 720, 193 N. W. 2d 752 (1972). See, also, Bose v. American Family Mut. Ins. Co., 186 Neb. 209, 181 N. W. 2d 839 (1970).

In provisions for liability for medical expense or medical payments some difficulty has been experienced in the use of the phrases "owned automobile" and "non-owned automobile." See, Grantham v. United States Fidelity & Guaranty Co., 245 S. C. 144, 139 S. E. 2d 744 (1964); Pouros, Melendes, and Craig, "Medical Payments Provision of the Automobile Insurance Policy: An Illustration of First Party Insurance Problems," 52 Marq. L. Rev. 445 at 467 (1969-70). It has been said: "The purpose of the insurer is readily apparent. It is willing to make medical payments when an insured is injured while occupying a vehicle which is insured under the policy. . . . It is unwilling, however, to make medical payments to an insured who is injured in another vehicle owned by . . . (the) insured but not insured under the policy." Simpson v. KFB Insurance Co., Inc., 209 Kan. 620, 498 P. 2d 71 (1972). See, also, Brouillette v. Fireman's Fund Insurance Co., 163 So. 2d 389 (La. App., 1964), writ of review denied, 246 La. 594, 165 So. 2d 485 (1964).

Exclusionary clauses similar to those in the present case have protected insurers. See, McKinley v. Colorado Farm Bureau Mutual Ins. Co., 163 Colo. 529, 431 P. 2d 859 (1967); Simpson v. KFB Insurance Co., Inc., *supra;* Brouillette v. Fireman's Fund Insurance Co., *supra;* Grantham v. United States Fidelity & Guaranty Co., *supra.*

The policy provisions in question are clear enough

that the summary judgment for defendant honored objectively reasonable expectations of plaintiff. It follows that subordinate rules of interpretation are inconsequential.

The judgment is affirmed.

AFFIRMED.