519 P.2d 1227 (1974)
Wayne Nelson HARRIS, Plaintiff-Appellant,
v.
EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation, Defendant-Appellee.
No. 73-068.
Colorado Court of Appeals, Div. II.
February 13, 1974.
Branney & Griffith, Criswell & Patterson, John A. Criswell, Englewood, for plaintiff-appellant.
Montgomery, Little, Young & Ogilvie, P. C., Robert R. Montgomery, Denver, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
This appeal concerns an action to recover, under a policy of insurance issued by defendant, medical expenses resulting from injuries incurred by plaintiff in an automobile accident. We reverse the judgment entered on behalf of defendant.
In October 1970, while driving his 1962 Chevrolet, plaintiff was involved in an accident with another vehicle, as a result of *1228 which he suffered serious injuries requiring expenditures in excess of $10,000 for medical services. At the time of the accident, plaintiff owned two automobiles, the Chevrolet involved in the accident and a 1970 Toyota, both of which were insured by defendant Employers Mutual. Although both automobiles were insured under one policy, separate premiums for medical payments coverage had been charged for each of the cars. Plaintiff filed a claim with the insurance company for his medical expenses and was paid $5,000. He brought suit in district court seeking an additional $5,000 under the medical payments provisions of the policy. The foregoing facts are undisputed, and both parties filed motions for summary judgment. The trial court granted defendant's motion and denied plaintiff's motion, and plaintiff appeals.
The sole issue presented on appeal is whether, under the terms of the insurance policy, plaintiff is limited to $5,000 medical payments or is entitled to recover $5,000 medical payments under the coverage provided for each of the cars insured under the policy, totaling a sum of $10,000.
In Part II of the insurance policy in question, the company undertook:
"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional, nursing and funeral services:
Division 1. To and for the named insured who sustains bodily injury, sickness, or disease, including death resulting therefrom, . . . caused by accident,
(a) while occupying the owned automobile,
(b) while occupying a non-owned automobile, but only if such person has or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
(c) through being struck by an automobile or a trailer of any type. . . ."
Under the definition section applicable to Part II, "owned automobile" means "a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded . . . ." A "non-owned automobile" is defined as "an automobile or trailer not owned by or furnished for the use of either the named insured or any relative, other than a temporary substitute automobile . . . ." Under the "Conditions" section of the policy, the following language appears:
"Two or More AutomobilesParts I, II and III. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each. . . ."
The declarations page of the policy indicates that both the Chevrolet and the Toyota are insured and a separate premium for each car is listed under Section C, medical payments. The insurance company's limitation on liability under the medical payments section is listed as "$5,000 each person."
Plaintiff contends that since separate premiums were charged for medical payments for each automobile, and since the policy specifically provides that its terms apply "separately to each," the contract constitutes two separate insurance policies. We agree with this construction of the policy in question.
It is apparent that the parties intended to provide in one policy the same coverage which would have been provided if two separate policies had been written, one for each automobile. Particularly in light of the wording of the "Two or More Automobiles" provision, it would be unrealistic to construe the policy otherwise. Other courts interpreting similar language have also reached the conclusion that two separate medical payments coverages were intended, even though a single document was *1229 executed. Government Employees Insurance Co. v. Sweet, 186 So.2d 95 (Fla.App.); Travelers Indemnity Co. v. Watson, 111 Ga.App. 98, 140 S.E.2d 505; Southwest Fire & Casualty Co. v. Atkins, 346 S.W.2d 892 (Tex.Civ.App.); Central Surety & Insurance Co. v. Elder, 204 Va. 192, 129 S. E.2d 651.
We must next determine whether the medical payments coverage afforded by the policy, as applied separately to each car, permits plaintiff to recover $5,000 with respect to each car insured. For the purpose of clarity, we shall refer to the insurance coverage relating to each automobile as though it were a separate policy.
Under the Chevrolet policy, plaintiff is clearly entitled to the $5,000 payment he has already received. Division 1(a) of the medical payments section extends coverage to accidental injuries which occur "while occupying the owned vehicle." The Chevrolet was described in the policy; plaintiff was assessed a premium on it for medical payments coverage; and the Chevrolet was therefore "the owned vehicle" under the Chevrolet policy.
Plaintiff argues that the company is liable for an additional $5,000 under Division 1(c) of the Toyota policy, because his injuries were caused "through being struck by an automobile." The insurance company contends that 1(a) and 1(b) cover all situations in which the insured is occupying an automobile, and therefore Division 1(c) necessarily applies only to accidents occurring while the insured is not occupying an automobile.
Under the circumstances of this case, plaintiff was not "occupying the owned vehicle" under the Toyota policy, nor was he occupying a "non-owned" vehicle, as defined in the Toyota policy, since he held title to the Chevrolet. Thus, plaintiff may recover the additional $5,000 only if the accident falls within the coverage afforded by Division 1(c) of the Toyota policy.
When viewed without reference to the other medical payments provisions, the language of Division 1(c) is not ambiguous. It applies, without exception, to all circumstances in which the insured is struck by an automobile. The ordinary meaning of "struck by an automobile" includes situations both where a person is and is not occupying an automobile when struck. See Carson v. Nationwide Mutual Insurance Co., Ohio Com.Pl., 84 Ohio Law Abst. 378, 169 N.E.2d 506; Hale v. Allstate Insurance Co., 162 Tex. 65, 344 S.W.2d 430.
Of the courts in other jurisdictions which have considered the issue now before us, the majority have also concluded that an insured in plaintiff's circumstances is entitled to recover medical payments under the "struck by automobile" clause. Government Employees Insurance Co. v. Sweet, supra; Travelers Indemnity Co. v. Watson, supra. See Carson v. Nationwide Mutual Insurance Co., supra; Cockrum v. Travelers Indemnity Co., 420 S.W.2d 230 (Tex.Civ.App.).
When the ordinary meaning is ascribed to the phrase "struck by an automobile," Division 1(c) provides coverage which overlaps the coverage provided by 1(a) and 1(b). The company argues that the medical payments provisions, read together, indicate that coverage under (a), (b) and (c) were intended to be mutually exclusive. However, that intent is not clear. If the company desired to limit 1(c) to situations in which the insured was a pedestrian, thereby preventing overlapping coverage, it could easily have inserted words of limitation to that effect.
Nor is there merit to the company's argument that "double" recovery is precluded by the contract in all cases. If plaintiff were involved in an accident while occupying an automobile which he did not own, but was occupying with the owner's permission, he would clearly be entitled by Division 1(b) to recover under both the Toyota and Chevrolet policies. See Southwest Fire & Casualty Co. v. Atkins, supra;
*1230 Central Surety & Insurance Co. v. Elder, supra.
The judgment is reversed and the cause remanded with directions to grant plaintiff's motion for summary judgment.
PIERCE and RULAND, JJ., concur.