329 So.2d 562

**UNITED SERVICES AUTOMOBILE ASSOCIATION**

v.

**Joseph B. SMITH.**

**Civ. 732.**

Court of Civil Appeals of Alabama.

March 24, 1976.

Ford, Caldwell, Ford & Payne and W. Stanley Rodgers, Huntsville, for appellant.

Gary K. Grace, Huntsville, for appellee.

WRIGHT, Presiding Judge.

Defendant appeals from a judgment permitting stacking of medical benefits in a policy of automobile insurance wherein four automobiles were insured and separate premiums charged for medical benefits as to each vehicle. We reverse.

Plaintiff received injuries in an accident while operating one of four automobiles insured by defendant in a single policy of insurance. As a result of his injuries plaintiff incurred medical costs of over $8,000.00. Plaintiff's policy of insurance contained an endorsement, the pertinent portions of which are as follows:

"PART II—COVERAGE C–1 MEDICAL BENEFITS

"INSURING AGREEMENTS

"COVERAGE C–1–MEDICAL BENEFIT

"To pay to the insured, who becomes legally obligated to pay therefor, all reasonable expenses for necessary prosthetic devices, medical, surgical, X–ray, dental, ambulance, hospital, professional nursing and funeral services actually rendered within two years from the date of accident, subject to the limit of liability stated in the Declarations.

. . . . . .

"DEFINITIONS. The definitions under PART I of the policy apply to this endorsement and under this endorsement.

"LIMITS OF LIABILITY. The limit of liability stated for Coverages C–1, C–2, C–3, and C–4 in the Declarations as applicable to 'each person' is the limit of the company's liability for all benefits to accrue to each person who sustains bodily injury as the result of any one accident. The inclusion of more than one automobile under Item 3 in the Declarations of the policy, or the issuance to the same named insured of two or more policies with this endorsement, shall not operate to increase the limit of the company's liability per person beyond that stated in the Declarations."

After claim, defendant issued to plaintiff its draft for $2,000.00, representing the maximum medical benefits stated in Coverage C–1 of the policy declaration to be payable per person for one accident. Plaintiff refused to accept the draft and filed suit claiming the maximum benefit for each vehicle insured under the policy or a total of $8,000.00. The trial court, after agreed stipulation of fact by the parties, granted judgment for plaintiff for $8,000.00.

Defendant appeals. The issue on appeal is: Do the terms of the policy permit or authorize the insured to collect the sum of the medical benefits declared to be payable for each vehicle insured in the policy? In the vernacular, does the policy permit stacking of medical benefits when more than one vehicle is insured?

This is a case of first impression in Alabama. Stacking of benefits in a policy or of policies providing uninsured motorist coverage was first permitted in Alabama in 1970, with the decision of the Supreme Court in the case of *Safeco Insurance Co. of America v. Jones*, 286 Ala. 606, 243 So. 2d 736. That decision has been followed by many others involving claims arising from uninsured motorist coverage. We will not set out those citations. Contrary to one of plaintiff's points of argument, we are convinced there is no corollary between the basis for stacking in uninsured motorist cases and the issue of the case at hand.

Stacking of uninsured motorist coverage is founded upon the statute requiring automobile insurers to provide such coverage. Title 36, Section 74(62a) *Code of Alabama (1941)*. Plaintiff has stated in brief that there is no provision in the statute which "requires or even suggests that uninsured motorist coverage should be 'stacked'." He further states,

"All that this Code section does is set up the legal requirement that insurers provide uninsured motorist coverage unless the named insured specifically rejects said coverage in writing. Therefore, even though many of the . . . cases cite this Statute as requiring the 'stacking' . . . , this statute, in fact, does not require that said coverage be 'stacked'."

We agree with plaintiff that the statute does not "require or even suggest" "stacking." However, the statute does *require* the insurer to provide in its policy coverage "with respect to any motor vehicle registered or principally garaged in this state . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because

of bodily injury, sickness or disease, including death, resulting therefrom." The appellate courts of this state and a majority of the other states which have similar statutes, have construed the legislative purpose of the statute to be that an insured, under every such required coverage for which a premium has been paid, is entitled to collect within the limits of the policy, all damages which he is "legally entitled to recover." Since the statute does not include exceptions or exclusions, it has been determined that none were intended to be permitted.

Plaintiff has argued that the key to permitting stacking in uninsured motorist cases is not the statute but the phrase often used by the courts in the cases—"coverage for which the premium has been paid." We do not agree with that argument. Such phrase has been used often, but only in relation to payment of the premium for the statutorily required coverage. Justice Merrill said in *Safeco*, "The key words in our statute are 'coverage' . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles."

It is clear that there is no valid analogy between coverage statutorily required and that obtained in a freely negotiated contract.

Defendant submits that the issue in this case is to be determined by the rules of construction of insurance contracts. We perceive that defendant is correct.

There are a number of cases from other jurisdictions which have construed policies covering more than one automobile with medical pay benefits attending each automobile with specified premium charge for each, as permitting stacking.[1] These cases

---

1. *Government Employees Insurance Company v. Sweet*, 186 So.2d 95 (Fla.App.1966); *Kansas City Fire & Marine Insurance Co. v. Epperson*, 234 Ark. 1100, 356 S.W.2d 613; *Travelers Indemnity Company v. Watson*, 111 Ga.App. 98, 140 S.E.2d 505; *Southwestern Fire & Casualty Company v. Atkins*, 346 S.W.2d 892 (Tex.Civ.App.1961); *Virginia Farm Bureau Mutual Insurance Co. v. Wolfe*, 212 Va. 162, 183 S.E.2d 145; *Harris v. Employers Mutual Casualty Company*, 33 Colo.App. 314, 519 P.2d 1227 (1974); see also, Annotation, 21 A.L.R.3d 900.

have been decided by applying rules for construction of insurance contracts. None of the policies in these cases have contained language comparable to that of the policy before us. Without attempting analysis on an individual case basis here, it is our conclusion that the courts construed the policies most favorably to the insured because of the presence therein of conflicting and/or ambiguous provisions.

 An examination of plaintiff's policy discloses no ambiguity. A reading of the medical benefit endorsement to the policy, previously quoted herein, clearly states that the limit of liability as coverage for medical benefits in the declaration is the limit to be allowed under the endorsement. It unequivocally states that the inclusion of more than one policy or the issuance of more than one policy, shall not operate to increase the limit of liability per person stated in the declaration.

Presence of the "two or more automobile" condition is stated by the courts in the cases permitting stacking to be the basis of conflict and ambiguity. That condition is as follows:

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately as to each, . . . ."

The medical benefits endorsement of plaintiff's policy excludes that condition both by its terms and by omission of application.

In the cases denying stacking,[2] (some occurring in jurisdictions which have permitted it), it is made clear that the denial turned on the clear language of limitation or the absence of the "two or more automobile" clause. Some of the cases permitting stacking have acknowledged that the presence of terms of limitation such as are in plaintiff's policy would have brought a different result.

 The objective of construction of the terms in an insurance policy is to arrive at the intent of the parties when the policy was issued. *Alabama Farm Bureau Mutual Cas. Co. v. Goodman*, 279 Ala. 538, 188 So.2d 268. Unless the language of the policy is fairly and reasonably susceptible to more than one construction, there is no basis for a court interpretation. Need for construction arises only from the presence of ambiguous, uncertain or conflicting terms. *Michigan Mutual Liability Co. v. Carroll*, 271 Ala. 404, 123 So.2d 920. If no ambiguity exists in the terms of the policy, the court cannot remake the contract but must enforce it as the parties made it. *Colonial Life & Accident Insurance Company v. Collins*, 280 Ala. 373, 194 So.2d 532.

Finding no uncertainty or ambiguity in this policy, we find the trial court erred in its judgment. The judgment is reversed and we render judgment in favor of plaintiff and against defendant in the amount of $2,000.00.

REVERSED AND RENDERED.

BRADLEY and HOLMES, JJ., concur.

---

2. *Hansen v. Liberty Mutual Fire Insurance Company*, 116 Ga.App. 528, 157 S.E.2d 768; *Wachovia Bank & Trust Company v. Westchester Fire Insurance Company*, 276 N.C. 348, 172 S.E.2d 518; *Nationwide Mutual Insurance Company v. Bair*, 257 S.C. 551, 186 S.E.2d 410; *Sullivan v. Royal Exchange Assurance*, 181 Cal.App.2d 644, 5 Cal.Rptr. 878.