365 So.2d 315 (1978)
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY
v.
Albert WILLIAMS.
Civ. 1577.
Court of Civil Appeals of Alabama.
December 20, 1978.
*316 J. Douglas Evans, Florence, for appellant.
Robert L. Gonce, of O'Bannon & Gonce, Florence, for appellee.
WRIGHT, Presiding Judge.
This is a suit to enforce medical payment provisions of two automobile liability policies.
Plaintiff Williams' automobile was struck by the Alexander vehicle. Plaintiff, his wife and two daughters were occupants of his automobile. All were injured and one of the daughters subsequently died from her injuries. Alexander was killed. The medical or funeral expenses of each of plaintiff's family exceeded $2,000 except those of his wife. Hers were $644.60. Plaintiff had policies of insurance with defendant Alabama Farm Bureau on two different automobiles. Each policy provided medical expense benefits to a limit of $1,000 for each insured.
Alexander had a liability policy of insurance with a $20,000 limit per accident. Plaintiff brought suit against the estate of Alexander to recover for his personal injuries, for medical expenses for himself and each of his family, and for the wrongful death of the deceased daughter. Suits were also brought for the personal injuries of the wife and daughter. Judgments by agreement were entered in each case as follows: Albert Williams-$500; Susan Williams$10,000; and Carolyn Williams-$9,000.
The policy limits of Alexander were exhausted by these judgments and the payment of $500 to a passenger of Alexander. There were no assets of Alexander other than the policy of insurance.
Plaintiff then brought suit against his insurer claiming medical expense benefits under the provisions of each of his policies for each of his family. Defendant pleaded the limit of one policy and their rights of subrogation under the policy.
Judgment was rendered against defendant in favor of plaintiff in the amount of $6,144.60 plus interest. Defendant appeals.
The first issue is whether the trial court erred in holding that the medical payment benefits provision of the policy issued plaintiff upon another automobile could be "stacked" with the benefits provided in the policy issued on the automobile which he and his family occupied when injured.
This court in the recent case of United Services Automobile Association v. Smith, 57 Ala.App. 506, 329 So.2d 562 (1976), held that whether medical payment benefits of two policies could be "stacked" depended upon the language of the policies. If there is plain and unambiguous language in a policy limiting payment of benefits or excluding payment under certain conditions, there can be no "stacking."
Therefore, we must look to the language of the policies which are the same except for insuring different automobiles. Under "Coverage C-2Medical Expense Benefits" there is inter alia the following:
"Persons Insured
"Division 1. To or for the named insured and each relative so injured while *317 occupying or through being struck by an automobile.
. . . . .
"ExclusionsThis policy does not apply under coverage C-2 to bodily injury, sickness or death
. . . . .
"(b) sustained by the named insured or a relative (1) while occupying an automobile owned or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an "owned automobile",. . . .
. . . . . .
"Definitions:"Owned automobile" means the motor vehicle or trailer described in the declaration."
It is easily seen from these quoted portions of the policy that there follows the general terms of the insuring clause a specific exclusion if those insured are injured while occupying an owned automobile other than that declared in the policy. This is a clear and unambiguous exclusion from coverage. It is the kind of exclusion which the insurer has the right to make and which requires enforcement without construction. Mooradian v. Canal Insurance Co., 272 Ala. 373, 130 So.2d 915 (1961); Smith, Supra. This exclusion was held to be unambiguous in Grantham v. United States Fidelity and Guarantee Co., 245 S.C. 144, 139 S.E.2d 744. It was held sufficient to support summary judgment in favor of the defendant by the Nebraska Supreme Court in the case of Bracy v. American Family Mutual Insurance Co., 189 Neb. 631, 204 N.W.2d 174 (1973) and approved by the Kansas Supreme Court in Fieser v. State Farm Mutual Automobile Insurance Co., 210 Kan. 418, 502 P.2d 837 (1972). The trial court erred in entering judgment permitting recovery of medical benefits under the policy of insurance insuring an automobile owned but not occupied by plaintiff and his family when injured.
The second issue requires construction of the subrogation provision of the policy. This court held in the case of Alabama Farm Bureau Mutual Casualty Insurance Co. v. Anderson, 48 Ala.App. 172, 263 So.2d 149 (1972) that policy provisions for subrogation of the insurer to the right of the insured to recover medical benefits from a tortfeasor after payment under the policy were valid and enforceable in this state. The subrogation provision of the policy in that case is identical to that in this case. As pertinent that provision is as follows:
"Upon payment under coverage . . . C-2 . . ., the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any person or organization . . . and do whatever else is necessary to secure such rights."
We will now determine the application of this provision to the stipulated facts of this case.
We have related that the plaintiffhusband and father filed an action against the estate of the tortfeasor in this case for his own injuries and medical expense, the wrongful death of his daughter, the medical expenses and loss of service of his wife and other daughter. It has long been the law that the father and husband has a separate right of action for recovery of the consequential damages to him such as cost of medical expenses due to injury to his wife and minor children. Atlanta Life Insurance Co. v. Stanley, 276 Ala. 642, 165 So.2d 731 (1964); Smith v. Richardson, 277 Ala. 389, 171 So.2d 96 (1965); § 6-5-390 Code of Alabama (1975). It is also the law that the father has the primary right of action for the wrongful death of his minor child. § 6-5-391, Code of Alabama (1975). The wife and the surviving daughter brought separate actions for their personal injuries as they had a right to do.
The defendant had prompt notice of the accident of plaintiff and his family and was informed of their serious injury and that claim would be made for medical benefits under the policy. No request for further *318 cooperation was made by defendant to plaintiff.
It is stipulated that the only assets available for recovery by all the injured was a $20,000 limit insurance policy; that the wife and surviving daughter suffered serious and permanent injury and that their medical costs, except that of the wife, far exceeded $2,000. Defendant did not attempt to show that the judgments entered in the suits of the wife and surviving daughter were less than reasonable in relation to their injuries. The judgment entered for all of the claims of the husband was $500. Plaintiff conceded that amount should be credited against his claim against defendant. The court did grant such credit in its judgment.
The defendant contends that its right of subrogation extends to all sums recovered by plaintiff, the wife and child, until it recoups all sums it is obligated to pay under its coverage for medical benefits. We disagree.
In the first place, there could be no subrogation against any right of recovery arising from the injury and death of the daughter. That conclusion was reached in the case of Standard Accident Insurance Co. v. Whitset, 270 Ala. 334, 118 So.2d 922 (1960). Therefore, under the stipulation there is due plaintiff $1,000 under the policy for medical and/or funeral expense of his deceased daughter.
Because there was available from the assets of the tort-feasor only $500 for settlement and payment of the plaintiff's right of recovery for medical expense of himself, wife and surviving daughter, defendant can recoup only that amount from the sums due therefor under the policy. That is no more, from aught that is shown, than defendant could have recovered as subrogee of plaintiff had it first paid plaintiff and then sought recovery from the tortfeasor. Defendant could only be subrogated to the right of recovery for medical expenses. Only the plaintiff had such right of recovery as we have shown. The insurer cannot assert any claim by way of subrogation unless the insured has a claim against the third person to which the insurer can be subrogated. Alabama Farm Bureau Mutual Insurance Service v. Nixon, 268 Ala. 271, 105 So.2d 643 (1958). The wife and child had the right to recover for their personal injury. Defendant could claim no subrogation to that right.
Summing up in light of the evidence and what we have said, there is due plaintiff under the policy as medical pay benefits $1,000 for the deceased daughter, $1,000 for the expenses of the injured daughter, $1,000 for his own medical expenses and $644.60 for medical expenses of his wife for a total of $3,644.60. Crediting the $500 settlement, there remains $3,144.60. The trial court added interest of six percent from November 27, 1976 until May 8, 1978. There was no appeal from that aspect of the judgment. Adding such interest, the correct judgment is $3,144.60 plus $283.02 interest or $3,427.62. We reverse and render judgment in favor of plaintiff for $3,427.62.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.