This is an insurance case.
The plaintiff sued the defendant-insurance company to recover the proceeds from three policies of insurance. The trial court, on stipulated facts, entered a judgment for $6,000 in favor of plaintiff and against the defendant-insurance company. The defendant-insurance company appeals and we affirm.
The plaintiff, apparently while a pedestrian, was struck by an automobile. As a result of his injuries the plaintiff incurred medical costs in excess of $6,000.
At the time of plaintiff's injury, he had three separate policies of insurance with defendant-insurance company covering three different motor vehicles. In each policy, the medical pay provisions of the policy limits were $2,000. A separate premium was charged for each policy. The effective dates of the policies were different and all policies were in force and effect at the time of plaintiff's injury.
Each policy contained the following pertinent provisions:
 To pay the reasonable expense of necessary medical, dental, x-ray, eyeglasses, hearing aids, surgical, ambulance, hospital, professional nursing, funeral services and prosthetic devices, all incurred within one year from date of accident to or for:
. . . . .
 . . . each insured who sustains bodily injury . . . caused by accident, while in or upon, or while entering into or alighting from, or through being struck by, an automobile. . . .
and
 The limit of liability for Coverage C stated in the declarations as applicable to "each person" or on behalf of each person is the limit of the Company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury, including death resulting therefrom, in any one accident.
The trial court, as indicated above, entered judgment for the plaintiff for $6,000.
The dispositive issue on appeal is: Do the terms of the policies, under the instant facts, permit or authorize the insured to collect the sum of the medical benefits declared to be payable for each vehicle insured? Put another way, do the policies in this instance permit "stacking" of medical benefits when more than one vehicle is insured.
This court, in United Services Automobile Association v.Smith, 57 Ala. App. 506, 329 So.2d 562 (1976), has previously considered the issue of whether an insured may "stack" medical benefits when more than one vehicle is insured. In Smith,supra, the insured had a single policy of insurance covering four vehicles and separate premiums were charged for medical benefits as to each vehicle.
The limiting language contained in the policy in Smith,supra, was as follows:
 The limit of liability stated for Coverages C-1, C-2, C-3, and C-4 in the Declarations as applicable to "each person" is the limit of the company's liability for all benefits to accrue to each person who sustains bodily injury as the result of any one accident. The inclusion of more than one automobile under Item 3 in the Declarations of the policy, or the issuance to the same named insured of two or more policies with this endorsement, shall not operate to increase the limit of the company's liability per person beyond that *Page 124 
stated in the Declarations. 57 Ala. App. at 508, 329 So.2d at 563.
In Smith, supra, Presiding Judge Wright opined for a unanimous court that the issue of "stacking" regarding medical benefits must be determined by the ordinary rules of construction applied to insurance contracts. In that case, this court followed the rule that a policy clear, unambiguous, and without conflict must be construed as it reads, the reviewing court being without authority to change the plain language of the policy or to make a new contract for the parties. CottonStates Life Ins. Co. v. Knowles, 45 Ala. App. 607, 234 So.2d 886
(1970).
This court there concluded that the limiting language, as quoted above, disclosed no ambiguity. That is, the policy clearly stated that coverage of more than one vehicle under one policy would not increase the limit of liability per person as stated in the declaration. Therefore, pursuant to the clear language of the policy, "stacking" was not permitted.
An examination of the policies in the instant case, however, does not reveal such clear language. That is, the language of the policies in question as set out above does not unequivocally or clearly exclude "stacking" of medical benefits as was the case in Smith, supra. From a reading of the mutual policies, it is unclear whether $2,000 is the total limit of liability for all three policies combined or whether the liability is limited merely to $2,000 as to each policy and "stacking" is permitted. That is, there is an ambiguity as to whether the "limit of liability," ($2,000), for "each person" under any one policy is also to be the "limit of the company's liability" no matter how many policies are issued and premiums paid. As we perceive the pertinent language, the policies can be construed to require the maximum payment of $2,000 on each policy when the insured's medical bills exceed that amount.
Therefore, we resort to the ordinary rules of construction applicable in such a situation. Paramount among these is the rule in Alabama that, when a policy is susceptible to two or more constructions, the one most favorable to the insured should be adopted. Centraal Stikstof Verkoopkanter, N.V. v.Walsh Stevedoring Co., 380 F.2d 523 (5th Cir. 1967). Put another way, ambiguities in an insurance contract are to be construed against the insurer and for the insured. Billups v.Alabama Farm Bureau Mut. Cas. Ins. Co., Ala., 352 So.2d 1097
(1977).
Applying these principles, we note there are a number of cases from other jurisdictions which have construed similar policies covering more than one automobile with medical pay benefits attending each automobile with specified premium charges for each, as permitting stacking. See, GovernmentEmployees Ins. Co. v. Sweet, 186 So.2d 95 (Fla.App. 1966);Kansas City Fire Marine Ins. Co. v. Epperson, 234 Ark. 1100,356 S.W.2d 613 (1962); Travelers Indemnity Ins. Co. v. Watson,111 Ga. App. 98, 140 S.E.2d 505 (1965); Southwestern Fire Cas.Co. v. Atkins, 346 S.W.2d 892 (Tex.Civ.App. 1961); VirginiaFarm Bureau Mutual Ins. Co. v. Wolfe, 212 Va. 162,183 S.E.2d 145 (1971); Harris v. Employers Mutual Cas. Co.,33 Colo. App. 314, 519 P.2d 1227 (1974). See also, Annotation, 21 A.L.R.3d 900.
In Atkins, supra, a clause very similar to the one in the instant case was interpreted to apply to each car separately and independently and the clause was held to mean that the insured was entitled to the limit of each vehicle multiplied by the number of covered vehicles.
This is a fair and reasonable construction of the policies in the instant case and effectuates the policy of liberal interpretation in favor of the insured. Billups, supra. Thus, we construe the limit of liability clause herein to mean that the company is not liable beyond $2,000 on each policy and that, in this instance, the insured is entitled to the $2,000 limit multiplied by the three policies in force, since the insured's expenses exceeded $6,000.
If the insurance company intended to limit medical payments to the amount of $2,000 which a policy on only one vehicle *Page 125 
would provide, it could have so stipulated in no uncertain language. See, Smith, supra.
As indicated earlier, in this instance, a separate premium was paid on each policy and it is reasonable to think that the separate premiums charged for each vehicle were intended to afford some corresponding added benefit to the insured. Therefore, we find the policies in this instance and under these facts were not limited to $2,000. See, Atkins, supra.
We also note that the facts of the instant case are distinguishable from Smith, supra, and even the cases we have previously cited from other jurisdictions in one important aspect. In the instant case, there are three separate policies covering three vehicles. Our research indicates that the other cases considering the legal issue at bar have involved a single policy covering multiple vehicles. In Atkins, supra, where a single policy covered two automobiles, the Texas court stated:
 There could be no question that if separate policies had been written by appellant the insured could recover $500 medical payments on each car since the total medical expenses exceed $1,000. (Emphasis supplied.) 346 S.W.2d at 894.
See also, Epperson, supra; Odom v. American Ins. Co., La.,213 So.2d 359, 363 (1968).
For the above reasons, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.