Alma Donald Taylor was injured and her automobile damaged when she collided with pipes protruding above the street. At the time of the impact, Mrs. Taylor and nine children who attended her day care center were riding in her car, a 1975 Vega station wagon.
Mrs. Taylor filed suit against Southeast Alabama Gas District, claiming negligence causing property damage and personal injury. Southeast answered, pleading not guilty and contributory negligence. Southeast also moved to strike the claim for property damages because of a prior arbitration between Mrs. Taylor's insurer and the insurer of Southeast. It was averred that Taylor's insurer had paid her $493.75[1] for the cost of repairs to her automobile under her policy. There was subsequent binding arbitration between the parties' insurers. Taylor's insurer lost the arbitration. Southeast therefore contended that the arbitration is res judicata of liability on the property damage count. The motion to strike was denied. *Page 1052 
The case was tried before a jury. Mrs. Taylor was the only witness. She testified that several pipes were protruding from the street and that she hit the tallest one — apparently a gas pipe. She said her car stopped instantly, and that her head hit the windshield, breaking the glass. She was treated and released at Coffee General Hospital's emergency room. She saw a doctor twice. Mrs. Taylor testified that she was stiff and sore, and was out of work for a month. During that time she hired someone to do her job at the day care center, and to cook for her. She said she used a local taxi service for transporting the children and herself. Specific sums were stated as to each expense. Mrs. Taylor testified that the value of her car before the accident was $2,500, and after, only $500.
At the close of plaintiff's case, Southeast moved for directed verdict. The motion was denied. Southeast then moved to join plaintiff's insurer as a real party in interest. The motion was denied as untimely. Southeast rested and renewed its motion for directed verdict. Again, it was denied. The court instructed the jury upon negligence, contributory negligence and the appropriate measure of damages. The court instructed the jury that insurance benefits received by Mrs. Taylor from her insurer could not be considered in computing damages.
The jury returned a verdict for Mrs. Taylor in the amount of $2,500. Southeast's motion for JNOV or new trial was denied. Southeast appeals.
Southeast contends on appeal that the trial court erred in:
 (1) denying directed verdict as to damages paid to plaintiff by her insurer;
(2) refusing to recognize the arbitrator's decision;
 (3) charging the jury that insurance benefits could not be taken into account in computing damages; and
(4) denying JNOV or new trial.
We will address these issues in inverse order.
A jury verdict is presumed to be correct and that presumption is strengthened where the trial court denies a motion for new trial. Merrill v. Badgett, 385 So.2d 1316 (Ala.Civ.App.), cert.denied, 385 So.2d 1319 (Ala. 1980). Granting or denying a new trial is in the discretion of the trial court and is presumed correct. Hill v. Cherry, 379 So.2d 590 (Ala. 1980); Free v.Palmer, 373 So.2d 1100 (Ala.Civ.App.), cert. denied,373 So.2d 1103 (Ala. 1979). We find no abuse of discretion by the trial court in denying new trial, or judgment notwithstanding the verdict. There was sufficient evidence to support a $2,500 verdict on the property damage and personal injury counts.
The next issue is the propriety of the trial court's instruction which stated that:
 [T]he fact that a plaintiff has received benefits under an insurance policy will not be taken into account in computing damages in this case.
Such an instruction was not inappropriate even though Mrs. Taylor had stated on cross-examination that her insurer had paid her $493.75 for repair to her car. It has long been the rule that the amount paid by an insurer to a plaintiff for damages to his vehicle does not affect his measure of recovery, and such evidence is not admissible in the trial of such cause.Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689 (1963).
The payment for property damage to plaintiff by her insurer was not an appropriate defense for defendant in this case. The right of subrogation is between the insured and her insurer. A contract for binding arbitration as to fault between insurers cannot affect the right of action between their insureds. We do not know the terms of the contract between plaintiff and her insurer. That contract is not in the record, neither are the terms of the arbitration agreement. Plaintiff's insurer may be subrogated to Mrs. Taylor's right of recovery for property damage against Southeast, at least in the amount of its payment to her. However, such right of subrogation would belong to that insurer. It has not appeared in the case to claim such right. *Page 1053 
We are unable to determine how defendant may claim benefit from such right. Defendant was not due a directed verdict on the property damage claim because of the payment of insurance to plaintiff.
The issue of refusal of the court to recognize some binding effect of the arbitration decision between the insurers as to fault in the accident is without any merit. Such an arbitration can have no effect on anyone except the parties to it. Section6-6-14, Code of Alabama (1975) has no application to the facts of this case. There is no indication or suggestion that the insured was party or privy to any arbitration agreement. In fact, there is nothing in the record to indicate what contentions or issues were arbitrated. There is only a form stating, "Applicant failed to prove contentions."
If the result of the arbitration between the insurers was to determine that plaintiff was at fault and had no right of recovery against defendant, the insurer of plaintiff would then have no right of subrogation. Alabama Farm Bureau MutualCasualty Insurance Co. v. Williams, 365 So.2d 315 (Ala.Civ.App. 1978). If that result were to be applied in the suit between plaintiff and defendant, how could plaintiff recover property loss above the payment by his insurer? How could the right to recover property damage be res judicata and the action for personal injury be continued? The answer to these questions appears obvious. The arbitration is between insurers and binds only them. If plaintiff's insurer loses the arbitration after payment to its insured of his claim, such insurer could interplead its right of subrogation in a suit by its insured; or it could reimburse the defendant's insurer in the event of plaintiff's recovery. It is certain that such arbitration cannot be used to bar plaintiff's right to a judicial determination of the dispute. Wells v. Mobile County Board ofRealtors, Inc., 387 So.2d 140 (Ala. 1980).
Appellant has cited Max, Arbitration — The Alternative toTimely, Costly Litigation, 42 Alabama Lawyer 309 (1981). The conclusion of that article is that the right to arbitrate in Alabama is "limited to either existing disputes or future disputes limited to amounts in controversy and not liability therefor." We consider that conclusion to correctly state the law of this state.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.
[1] Mrs. Taylor's deductible was $100.