# Richmond

## CENTRAL SURETY & INSURANCE CORPORATION v. MRS. NANCY C. ELDER.

March 4, 1963.

Record No. 5543.

Present, All the Justices.

The opinion states the case.

*E. Marshall Frost* (*Caskie, Frost, Davidson and Watts,* on brief), for the plaintiff in error.

*J. Frank Shepherd* (*Paul Whitehead,* on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

Mrs. Nancy C. Elder instituted an action against Central Surety & Insurance Corporation to recover $1,781.24 allegedly due her under the medical payments provisions of a family automobile policy (combination form) which Central Surety had issued to her husband,

Clay W. Elder, Jr. The amount sought to be recovered represented medical expenses incurred as a result of injuries Mrs. Elder received in an accident while a passenger in an uninsured vehicle owned and operated by another person. Central Surety admitted liability under its policy to the extent of $1,000, which sum was tendered plaintiff. The case was heard without the intervention of a jury and judgment was rendered for $1,781.24 subject to a credit of $1,000 which had been paid. We granted Central Surety a writ of error.

The liability insurance policy issued by Central Surety to Elder covered two automobiles owned by him. One was a Renault designated therein as "Car 1" and the other was a Buick designated as "Car 2". By the terms of the policy plaintiff was an insured.

The sole question presented is whether, under the medical payments provision of the policy, the maximum of Central Surety's liability is $1,000 to each person for any one accident as claimed by it, or $1,000 to each person for each car or a total of $2,000 as contended for by plaintiff.

The policy provisions, as material here, provided:

"DECLARATIONS

\*     \*     \*     \*     \*     \*     \*

"Item 3. The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| "COVERAGES | LIMITS OF LIABILITY | PREMIUMS | |
| --- | --- | --- | --- |
| | | Car 1 | Car 2 |
| "A. Bodily Injury Liability | | | |
| CLASS 1B | $25,000.00 each person | | |
| CLASS 1B | $50,000.00 each occurrence | $29.92 | $22.44 |
| "B. Property Damage Liability | $ 5,000.00 each occurrence | $17.00 | $12.75 |
| "C. Medical Payments | $ 1,000.00 each person | $ 9.00 | $ 5.25 |

\*     \*     \*     \*     \*     \*     \*

## "PART II—EXPENSE FOR MEDICAL SERVICES

"Coverage C—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical * * * services:

"Division 1. To or for the named Insured and each relative who sustains bodily injury, * * *, caused by accident, while occupying or through being struck by an automobile;

"Division 2. To or for any other person who sustains bodily injury by acident, while occupying

"(a) the owned automobile, while being used by the named Insured, by any resident of the same household or by any other person with the permission of the named Insured; or

"(b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named Insured * * * or (2) its operation or occupancy by a relative, * * *.

\*  \*  \*  \*  \*  \*  \*

"Limit of Liability: The limit of liability for medical payments stated in the declaration as applicable to 'each person' is the limit of the Company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

\*  \*  \*  \*  \*  \*  \*

## "CONDITIONS

\*  \*  \*  \*  \*  \*  \*

"4. Two or More Automobiles: Parts I, II and III When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, * * *."

On August 30, 1960, Frank B. Brown, Field Claim Superintendent for Central Surety, wrote plaintiff's attorney a letter concerning plaintiff's claim for medical payments. It stated in part as follows:

"As you know, we insure two automobiles for Mr. Elder. There is medical payments coverage on each of these vehicles with a limit of $1,000. Of course, coverage on one vehicle will be excess over coverage on the other. However, as I interpret the coverage, there is in effect medical payments coverage available to each of the Elders up to a limit of $2,000. * * *."

On September 8, Brown wrote plaintiff's counsel another letter in which he stated in part:

"After further consideration, and after consultation with my Atlanta Office, it appears likely that my interpretation was in error and that there actually would be only $1,000 limit available for each person injured. You can rest assured that our study into this particular question continues."

Central Surety refused to pay plaintiff's claim in excess of $1,000, and this action followed. The amount in dispute is $781.24 and interest thereon.

It is conceded here, as it was in the trial court, that had Elder been issued separate policies on each of his automobiles, there would be medical payments coverages of $1,000 on each vehicle, or a total of $2,000 available to each person. In holding Central Surety liable for plaintiff's entire claim of $1,781.24, the trial court pointed out that Condition 4, *supra,* means that the terms apply separately to each vehicle, "which would in effect mean two policies of insurance in the one and the insured is entitled to the same protection and coverage as if two policies of insurance were issued."

Here, plaintiff urges the same line of reasoning. She also points out that Elder, her husband, paid a premium for medical payments on each car and that without additional coverage on Car 2 there would be no consideration for the premium paid.

On the other hand, Central Surety contends that there is consideration for the premium paid for medical payments on Car 2, because it provides broader coverage than if such insurance were only on Car 1. Central Surety further contends that no ambiguity exists in the policy; that the words "each person" have a definite and clear meaning; that each person is one particular person and when the schedule of limits of liability under Item 3, *supra,* is read along with "Limit of Liability" pertaining to medical payments under Part II, *supra,* it is clear that the company's liability is limited to $1,000 for each person; and that Condition 4, *supra,* "merely means that when two or more automobiles are insured, the *terms of the policy,* with all the benefits and limitations, shall apply to each automobile."

We have not heretofore had the occasion to consider the precise question here involved. However, there are three State courts which have dealt with the proposition. Two are intermediate appellate courts and the third is a court of last resort.

In *Sullivan* v. *Royal Exchange Assurance,* 181 Cal. App. 2d 644, 5 Cal. Rptr. 878 (1960) the facts were somewhat similar and the

policy provisions involved were almost identical with those in the present case. The limit of liability for medical payments under Coverage C was stated to be $2,000 for each person. California has a Code provision relating to the construction of statutes or instruments, which reads in part: "* * * in the construction of the instrument the intention of the parties, is to be pursued if possible; and when a general and a particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." West's Ann. Code Civ. Proc. § 1859.

The court held that notwithstanding Condition 4 which recited that the policy should apply separately to each automobile insured, the "Limit of Liability" clause under Part II pertaining to medical payments afforded only $2,000 coverage even though there were two automobiles insured under the policy.

In *Southwestern Fire and Casualty Company* v. *Atkins*, Tex. Civ. App., 346 S. W. 2d 892, (1961) the facts and the policy provision were also almost identical with those involved in the present case. Under Coverage C of Item 3, the limit of liability figure was $500 instead of $1,000. The court had this to say:

"This provision [Condition 4] is made applicable to all parts of the policy and in effect provides that the policy of insurance shall apply separately to each car. If it does apply separately to each car, then it would seem that the policy is in effect two policies of insurance in one. This view is supported by the fact that separate premiums are charged for each car; the medical payment premium being $8 on Car 1 and $7 on Car 2. There could be no question that if separate policies had been written by appellant the insured could recover $500 medical payments on each car since the total medical expenses exceeded $1,000. * * *. 346 S. W. 2d at page 894.

*       *       *       *       *       *       *

"* * * The provision in the policy relied upon by appellant, to the effect that the limit of liability for medical payments stated in the declarations as applicable to each person is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident, is a provision commonly placed in such policies where there is only one car insured. In the present case we think such provision applies to each car separately and independently as provided in the policy,

and means that for each car the limit is $500, or a total of $1,000 for the two cars. If the insurance company intended to limit the medical payments to the amount of $500 which a policy on only one car would provide, it should have so stipulated in no uncertain language, * * *." 346 S. W. 2d at page 895.

The precise question was also involved in the very recent case of *Kansas City Fire & Marine Insurance Co.* v. *Epperson*, Ark., 356 S. W. 2d 613, (1962). In affirming the trial court's decision, the court stated:

"* * * As far as this aspect of Coverage C is concerned the insurer would have been liable for $1,000 if only one premium had been paid upon a single car. It is reasonable to think that the additional premium charged for the inclusion of the second car was intended to afford some corresponding added benefit to the insured. To this end the policy provided that its terms should apply separately to each car. If Epperson [the insured] had carried a separate policy upon each vehicle he would have been entitled to receive $1,000 under each contract. The fact that the two coverages were combined in one policy does not compel us to reach a different result. To say the least, *the combined contract is fairly open to two conflicting interpretations;* in this situation we must construe it strictly against the insurer. We are unable to agree with the holding in *Sullivan* v. *Royal Exchange Assurance*, 181 Cal. App. 2d 644, 5 Cal. Rptr. 878, where the court allowed only a single award of benefits under a similar policy." (Emphasis added.) 356 S. W. 2d at p. 614.

Insurance policies are to be construed according to their terms and provisions and are to be considered as a whole. *Ampy* v. *Insurance Company*, 200 Va. 396, 400, 105 S. E. 2d 839; *Insurance Company* v. *Dollins*, 201 Va. 73, 77, 109 S. E. 2d 405; *Combs* v. *Hunt*, 140 Va. 627, 635, 125 S. E. 661. Where there is doubt or uncertainty and where the language of a policy is susceptible of two constructions, it is to be construed liberally in favor of the insured and strictly against the insurer. *Casualty Company* v. *Fratarcangelo*, 201 Va. 672, 677, 112 S. E. 2d 892. Where two interpretations equally fair may be made, the one which permits a greater indemnity will prevail because indemnity is the ultimate object of insurance. *Ayres* v. *Harleysville Mut. Cas. Co.*, 172 Va. 383, 389, 2 S. E. 2d 303.

As we have seen, courts have not been in accord in their construction of the policy provisions with which we are concerned. Moreover, Brown, Central Surety's Field Claim Superintendent, at first

interpreted the available medical payments coverage under the policy to be $2,000 to each person and so notified plaintiff's attorney. Later he advised that it was likely that his interpretation of the policy was erroneous and that there was a medical payments limit of $1,000 available to each person. As far as the company's limit of liability for medical payments is concerned, we think that the policy is ambiguous in its terms and is susceptible of two conflicting constructions. That being the case we must construe it strictly against the insurer and liberally in favor of the insured. In so doing we hold that the limit of Central Surety's liability is $1,000 available for medical payments to each person for each car, or a total of $2,000 to the plaintiff.

For the reasons stated, the judgment appealed from is

*Affirmed.*