# Richmond

VIRGINIA FARM BUREAU MUTUAL INSURANCE COMPANY V. RAY C. WOLFE.

September 1, 1971.

Record No. 7582.

Present, All the Justices.

*Richard C. Rakes* (*Gentry, Locke, Rakes & Moore*, on brief), for plaintiff in error.

*James M. Roe, Jr.* (*Carter, Roe, Emick & Honts*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

The question presented on this appeal is whether the medical payments provision of a single insurance policy covering three vehicles on which separate premiums were paid required payment of the maximum limits on each automobile for injuries received by the named insured in one accident.

The trial court held that our decision in *Surety Corporation* v. *Elder*, 204 Va. 192, 129 S.E.2d 651 (1963), was controlling and that plaintiff, Ray C. Wolfe, was entitled to recover from defendant, Virginia Farm Bureau Mutual Insurance Company, hereinafter referred to as the company, the maximum limits of $1,000 for medical

expenses on each vehicle insured, or a total of $3,000. Defendant having paid plaintiff $1,000 and denied liability as to the remainder, judgment was entered for plaintiff in the amount of $2,000, and defendant is here on a writ of error to the judgment.

On January 2, 1969, the company issued its automobile liability insurance policy to plaintiff covering a 1963 Ford, a 1958 Chevrolet, and a 1957 Volkswagen, effective to July 15, 1969. The policy provided medical payments coverage for each of Wolfe's vehicles, for which coverage he paid a separate premium for each automobile. On February 8, 1969, plaintiff was injured in an accident while driving the Volkswagen. He incurred medical expenses in excess of $3,000.

The policy contained the following pertinent provisions:

On the "declarations" page the limit of liability and the premium paid are separately stated for the various coverages on each of the three automobiles, which included medical payments in the amount of $1,000.

### "Part II—Expenses for Medical Services"

"**Coverage C—Medical Payments:** To pay all reasonable expenses incurred * * * from the date of accident for necessary medical * * * services:

"**Division 1.** To or for the named insured * * * who sustains bodily injury * * * caused by the accident,

    (a) while occupying the owned automobile,
    (b) while occupying a non-owned automobile * * *; or
    (c) through being struck by an automobile * * *.

*   *   *   *   *

"**Limit of Liability:** The limit of liability for medical payments stated in the declaration as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident."

Under the section entitled "Conditions" the following provision appears:

"**4. Two or more Automobiles—Parts I, II, and III:** When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each * * *."

In *Elder* the wife of the policyholder was injured while a passenger in a vehicle owned and operated by another. The policy covered two vehicles and provided for medical payments of $1,000 for each person injured while occupying or through being struck by an automobile, with separate premiums allotted to each car. (The limitation of liability clause, and the two or more automobiles clause, commonly referred to as the separability clause, are identical in language to the policy in the present case.) After noting that the courts were not in accord as to the construction to be given such provisions, we said, speaking through Mr. Justice Snead, now Chief Justice, that the policy was ambiguous in its terms and susceptible of two conflicting constructions, and, under the familiar rule, an insurance policy must be construed strictly against the insurer and liberally in favor of the insured. In affirming the trial court, we held that since the policy provided medical payments coverage "while occupying * * * an automobile," the sum of $1,000 was available under the policy for each car and that the wife was entitled to recover up to $2,000 for medical expenses.

The company, by counsel, argues that the insuring clause of the policy in the present case has been amended since *Elder* and that case is not controlling here. It is true that the terminology of the insuring clause in the present case differs slightly from that in the *Elder* case, but this difference does not significantly affect the broad coverage afforded. The limitation of liability and the separability clauses in the policy in the present case are identical with those in *Elder*, where we held that because the two clauses were susceptible of conflicting constructions Elder was entitled to recover up to the maximum limits on the two automobiles. Thus, when the medical payments section, Part II of the present policy, is considered and analyzed in conjunction with the separability clause, Wolfe was entitled to recover up to the policy limits on each of his three cars. See dictum in *Greer* v. *Associated Indemnity Corp.*, 371 F.2d 29, 34 (5th Cir. 1967). If the company had intended to limit the medical payment coverage to one automobile, and thereby remove the conflict between the limitation of liability and the separability clauses, it could have done so by the use of clear and unambiguous language. See *Hansen* v. *Liberty Mutual Fire Insurance Company*, 116 Ga.App. 528, 157 S.E. 2d 768 (1967), where the policy stated in plain and unambiguous language that the $1,000 limit for each person is the limit of the company's liability for all medical expenses incurred

by each person, regardless of the number of automobiles to which the policy applies.

We are of opinion that the trial court correctly held that the present case is controlled by *Elder*.

For the reasons stated, the judgment is

*Affirmed.*