Irene L. CARTER, Plaintiff,

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY and Boston Old Col-
ony Insurance Company, Defendants.

Civ. A. No. 76–0201.

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 9, 1976.

Thomas H. Oxenham, Jr., Esposito, Oxenham & Mynes, Richmond, Va., for plaintiff.

Albert D. Bugg, Jr., Sands, Anderson & Marks, Frank B. Miller, III, James W. Morris, III, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Administrator of the Estate of Linwood Carter, brings this action against two insurance companies for an alleged willful refusal to make payments under the provisions of two automobile liability insurance policies. Jurisdiction is attained by reason of diversity of citizenship, 28 U.S.C. § 1332.[1] The matter comes before the Court on cross-motions for summary judgment as to liability. The claims against the two companies will be treated separately. The material facts are not disputed.

The facts disclose that Linwood Carter died as a result of a highway accident under date of November 8, 1975, while the permissive user of his brother's truck. Linwood Carter was the insured party on a policy issued by the defendant Boston Old Colony Insurance Company, which, among other things, provided medical payment coverage in the amount of $1,000. This policy covered two specified vehicles and required the payment of two premiums. Boston Old Colony was notified of Mr. Carter's death on or about November 13, 1975. The claim was made for medical payments at approximately the same time. Thereafter, plaintiff's counsel forwarded to Boston Old Colony several pieces of information pertaining to the medical payments claim. On or about December 8, 1975, Boston Old Colony received an itemized funeral bill. It is stipulated that this bill was for the sum of $1,808.59. The bill represents the only statement of specific damages submitted by the plaintiff. Boston Old Colony thereafter sent the plaintiff a draft for the sum of $1,000. This draft was received by counsel for the plaintiff on February 19, 1976. The plaintiff refused to accept the payment contending entitlement to "stacked" coverage for medical payments in the amount of $2,000 rather than the amount tendered. This suit was necessitated by the parties' inability to resolve this dispute.

The policy in issue herein covered two separate and distinct vehicles. Separate premiums were required for each vehicle. The policy contained a limitation of liability clause which reads as follows:

"Declarations. Item 3. The insurance afforded is only with respect to such of the following Coverage Parts as are indicated by specific premium charge or charges

\* \* \* \* \* \*

| Coverage | Limit of Liability | Advanced Premium |
|---|---|---|
| Medical payments | $1,000 each person | $46.00 |

\* \* \* \* \* \*

III. Limit of Liability. Regardless of the number of (1) persons or organizations who are insureds under this policy, (2) persons who sustain bodily injury, (3) claims made or suits brought on account of bodily injury or (4) designated automobiles to which this policy applies, the limit of liability for medical payments stated in the schedule as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as a result of any one accident."

There is no express separability clause contained in the policy. There are, however, separate endorsements as to each vehicle which contained the following language:

---

1. Plaintiff seeks damages in the amount of $100,000 contending that she is entitled to punitive damages.

"This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

\* \* \* \* \* \*

Automobile medical payments. Insurance . . . ."

Boston Old Colony contends that its liability is limited to $1,000 under the terms of the policy. The plaintiff submits, on the other hand, that the policy can reasonably be interpreted so as to provide "stacked" coverage, i. e., $1,000 per vehicle or $2,000 total. In construing an insurance policy, it must be borne in mind that

"Insurance policies are to be construed according to their terms and provisions and are to be considered as a whole. *Ampy v. Insurance Company*, 200 Va. 396, 400, 105 S.E.2d 839; *Harleysville Mutual Insurance Co. v. Dollins*, 201 Va. 73, 77, 109 S.E.2d 405; *Combs v. Hunt*, 140 Va. 627, 635, 125 S.E.2d 661. Where there is doubt or uncertainty whether the language of a policy is susceptible of two constructions, it is to be construed liberally in favor of the insured as strictly against the insurer. *Fidelity & Cas. Co. v. Fratarcangelo*, 201 Va. 672, 677, 112 S.E.2d 892. Where two interpretations equally fair may be made, the one which permits a greater indemnity will prevail because indemnity is the ultimate object of insurance. *Ayres v. Harleysville Mutual Cas. Co.*, 172 Va. 383, 389, 2 S.E.2d 303." *Central Surety Insurance Corp. v. Elder*, 204 Va. 192, 129 S.E.2d 651, 655 (1963).

The Supreme Court of Virginia has rendered decisions in a number of cases involving stacked coverage. In each case, the insured prevailed. *See, e. g., Central Surety Insurance Corp. v. Elder*, 204 Va. 192, 129 S.E.2d 651 (1963); *Virginia Farm Bureau Mutual Insurance Co. v. Wolfe*, 212 Va. 162, 183 S.E.2d 145 (1971); *Cunningham v. Insurance Company of North America*, 213 Va. 72, 189 S.E.2d 832 (1972). Where two vehicles are separately listed in

a policy and separate premiums are paid on each, an insurer can avoid stacked coverage only by the use of clear and unambiguous language. *Central Surety Insurance Corp. v. Elder, supra*, 129 S.E.2d at 654–55; *Virginia Farm Bureau Mutual Insurance Co. v. Wolfe, supra*, 183 S.E.2d at 147. These cases involved policies containing separability clauses which, when viewed in conjunction with the separately paid premiums, created a reasonable expectation of stacked coverage notwithstanding the limitation of liability clause. Boston Old Colony maintains that the limitation of liability clause contained in its policy and the absence of an express separability clause remove any ambiguity that may have existed in the policies litigated in *Wolfe* and *Elder*; and, therefore, preclude the recovery of stacked benefits. In short, the defendant contends that its policy is clear and unambiguous with regard to limiting the coverage for medical payments to $1,000.

The mere exclusion of an express severability clause, however, is not dispositive of the issue of stacked coverage. *See, e. g., Lipscombe v. Security Insurance Company of Hartford*, 213 Va. 81, 189 S.E.2d 320, 323 (1972). When viewing the policy as a whole, the Court cannot conclude that only one interpretation of the policy is reasonable. The separate endorsements contain language reflecting that they modify the entire policy. The insured vehicles, moreover, are described only in those endorsements. These facts, coupled with the required payment of separate premiums, provide the basis for a reasonable belief that the policy provides stacked coverage. Thus, the policy herein is subject to a similar construction as the ones litigated in *Elder* and *Wolfe*. The Court accordingly concludes that the plaintiff is entitled to a maximum of $2,000 for medical payments under the Boston Old Colony policy.

The Court does not, however, conclude that the plaintiff has made out her claim for punitive damages. Boston Old Colony tendered a check for $1,000 within

two months of having received the plaintiff's itemized claim. The dispute between these parties as to the extent of liability was a bona fide controversy. The defendant's action in processing the plaintiff's claim are devoid of the maliciousness, wantonness, or oppression needed to support a claim for punitive damages. *Cf. Wright v. Everett*, 197 Va. 608, 90 S.E.2d 855, 860 (1956).

The defendant Hartford Accident Indemnity Co. (Hartford) admits that the plaintiff is entitled to $500 under a policy issued by it. The plaintiff does not dispute that $500 represents the maximum amount recoverable under that policy. The sole dispute between Hartford and the plaintiff concerns whether the plaintiff is entitled to further sums under a tort theory. As stated in the Court's earlier memorandum, a tort action will lie against an insurance company for a wrongful refusal to make payments due only upon a showing of malice, wantonness or oppression. The sum total of the plaintiff's evidence in this regard is that (1) the claim was filed shortly after the death of Mr. Carter, followed in December by an itemized list of expenses; and (2) no offer of payment was made until the filing of this action in May of 1976. While certain inferences may be drawn from the delayed tender by Hartford coinciding with the filing of this litigation, a conclusion that the defendant was guilty of oppressive conduct is unwarranted. The depositional evidence reflects that Hartford undertook a timely investigation of the accident. Moreover, there arose a genuine issue as to whether the medical payments policy was applicable to the type of accident herein involved. In short, while Hartford may have been slow to offer payment, the Court cannot on that basis ascribe to it any malicious intent. Accordingly, the plaintiff's claim must fail.

An appropriate order will issue.