## Richmond

NATIONWIDE MUTUAL INSURANCE COMPANY

V.

MARKLEY LOUIS SHELTON

April 29, 1983.

Record No. 810116.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Harrison, Retired Justice.

*James W. Jennings, Jr. (Michael A. Cleary; Woods, Rogers, Muse, Walker & Thornton,* on briefs), for appellant.

*George O. Burdeau (James W. Haskins; Jackson L. Kiser; Young, Kiser, Haskins, Mann, Gregory & Young,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The sole issue on this appeal is whether, as the trial court ruled, the medical payments coverages of an automobile liability policy insuring several vehicles may be "stacked" when a person injured while riding as a passenger in one of those vehicles is neither the named insured nor his relative.

Nationwide Mutual Insurance Company issued its standard policy to David Bonner Worthy insuring four of his automobiles. Markley Louis Shelton, a stranger to the Worthy household, was injured while riding as a passenger in one of Worthy's automobiles. At the time of the accident, the car was being oper-

ated by Worthy's young son, a resident of the Worthy household. During the first year of his treatment, Shelton incurred $47,206.43 in medical expenses. Great American Insurance Company paid Shelton $15,000 under the medical payments clause of a policy it had issued to Shelton's father. Nationwide paid Shelton $5,000, the maximum per-person medical payments coverage on the Worthy automobile involved in the accident.

Shelton filed an action against Nationwide demanding judgment for $15,000 on the ground that "coverage on each [of the four] vehicle[s] was $5,000 affording a total medical payments coverage of $20,000." The trial court overruled Nationwide's demurrer, considered the case on the pleadings, exhibits, and stipulation of facts, and granted Shelton summary judgment for $15,000.

In a letter opinion, the trial court found that "all insured under the policy are treated equally in regards to medical payments." We disagree, and we will reverse the judgment.

■ Under "Coverage F — *Medical Payments*", the policy obligates Nationwide to make payments as follows:

Division 1 — to or for the Named Insured and each relative who sustains bodily injury. . . caused by accident,
  (a) while occupying the owned automobile,
  (b) while occupying a non-owned automobile . . . , or
  (c) through being struck by an automobile . . . :
Division 2 — to or for any other person who sustains bodily injury, caused by accident, while occupying
  (a) the owned automobile, while being used by the Named Insured, by any resident of the same household or by any other person with the permission of the Named Insured
  . . . .

Coverage F creates two distinct classes of insured persons. Class 1 consists of the named insured and relatives, whether or not residing in his household. The scope of coverage afforded such persons is broader than that afforded a class 2 insured. If a class 1 insured suffers bodily injury caused by any automobile, he is entitled to coverage whether or not he is an occupant of that automobile. Division 2 extends coverage to "any other person" but only if his injury is sustained while he is occupying an insured vehicle

and then only if that vehicle is being used by the named insured, a resident of his household, or other permissive user.

█ The Coverage F classification is substantially the same as that contemplated by Code § 38.1-380.1.[1] Finding a conflict between the limitation of liability clause and the separability clause in a policy similar to that at bar, and resolving the ambiguity against the insurer, we have held that a class 1 insured is entitled to "stack" medical payments coverages on multiple insured automobiles. *Surety Corporation* v. *Elder,* 204 Va. 192, 129 S.E.2d 651 (1963); *accord Farm Bureau Mut. Ins. Co.* v. *Wolfe,* 212 Va. 162, 183 S.E.2d 145 (1971). We have never had an opportunity to consider whether class 2 insureds, the class to which Shelton belongs, may do so.

█ However, the classification of insureds set out in Code § 38.1-380.1 and defined in Coverage F is essentially equivalent to that defined in Code § 38.1-381(c)[2] respecting uninsured motorist coverage, and we look for guidance to our decisions in cases involving such coverage.

"[T]he legislature, in enacting the uninsured motorist statute, intended to create two classes of insured persons, with different benefits accruing to each class." *Insurance Company* v. *Perry, Adm'r,* 204 Va. 833, 836, 134 S.E.2d 418, 420 (1964). In *Lipscombe* v. *Security Ins.,* 213 Va. 81, 189 S.E.2d 320 (1972), a class 1 insured claimed the right to stack uninsured motorist coverages under a policy insuring two vehicles. Noting that the claimant, the named insured, had paid a full premium for coverage of each automobile, we upheld the claim.

In another case decided the same day, *Cunningham* v. *Ins. Co. of N. America,* 213 Va. 72, 189 S.E.2d 832 (1972), the plaintiff was a named insured under his own policy and a class 2 insured under a policy issued by another company to his employer. Each policy insured multiple vehicles and provided maximum uninsured motorist coverage on a single automobile of $15,000 for each per-

---

[1] Under that statute, an insurer is required, upon request, to provide medical payments coverage "(1) to the named insured and, while resident of the same household, the spouse and relatives of the named insured while occupying or through being struck by a motor vehicle; and (2) to persons occupying the insured motor vehicle . . . ."

[2] Under that statute, "the term 'insured' . . . means the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle . . . ."

son insured. The medical expenses the plaintiff incurred exceeded that amount. As the issues were framed, we were required to decide whether the plaintiff was entitled to stack coverages and, if so, under which policy. As in *Lipscombe,* we held that the plaintiff was entitled to stack coverages under his own policy but not under his employer's policy.

Although we cited *Elder* and *Wolfe,* the contractual ambiguity underlying the decisions in those cases was not the basis for the distinction we drew in *Cunningham.* Rather, we based the distinction between the stacking rights of a named insured and those of a class 2 insured upon two considerations, *viz.,* that the contract between the parties afforded a named insured broader coverage than that afforded a class 2 insured, and that a named insured paid multiple premiums on multiple vehicles while a class 2 insured paid nothing.

We cited *Sturdy* v. *Allied Mutual Ins. Co.,* 203 Kan. 783, 457 P.2d 34 (1969), and quoted excerpts from the opinion. "[T]he policy provides the named insured with two kinds of coverage: While he is in his insured automobile, and wherever else he may happen to be. . . . This latter constitutes a broad reservoir of coverage." *Id.* at 791, 457 P.2d at 40. On the other hand, the coverage afforded a class 2 insured "is tied to and limited to actual occupancy of a particular automobile." *Id.* And, the Kansas court reasoned, a named insured is entitled to stack coverages because "[w]hen we pay a double premium we expect double coverage." *Id.* at 793, 457 P.2d at 42. Adopting that rationale, we held in *Cunningham* that a class 2 insured "is entitled to the uninsured motorist coverage provided the specific vehicle . . . in which he was riding as a passenger or guest"; he "cannot pyramid the uninsured motorist coverage on" other vehicles. 213 Va. at 77, 189 S.E.2d at 835.

We believe the logic underpinning our decision in *Cunningham* applies with equal force to the case at bar. As we have noted, the classification of insureds for purposes of uninsured motorist coverage is substantially the same as that for purposes of medical payments coverage. The difference in scope of coverage provided the two classes is the same. Cost considerations are the same.

Paraphrasing the rule in *Cunningham,* we hold that Shelton, an insured of the second class, is limited in his medical payments claim to the coverage provided the specific vehicle he was occupying when injured and that he is not entitled to stack the coverages

provided other vehicles insured in the policy.[3] Consequently, we will reverse the judgment and enter final judgment for Nationwide in this Court.

*Reversed and final judgment.*

---

[3] By Acts 1983, c. 197, 370, the General Assembly amended Code § 38.1-380.1 by adding language pertaining to stacking of medical payments coverages. That amendment, effective July 1, 1983, is inapplicable here.