# CIRCUIT COURT OF GLOUCESTER COUNTY

Willie F. Shiflette, Jr., et al.

v.

Deveda M. Bates

September 2, 1994

Case No. (Law) 93-4445

BY JUDGE JOHN M. FOLKES

On August 20, 1993, Willie F. Shiflette, Jr., et al., Plaintiffs, filed against Deveda M. Bates, Defendant, a Motion for Declaratory Judgment. The relief requested is set out in lettered paragraphs (A) through (E) commencing on page eight of the motion; however, the Court is advised by counsel that the central issue to be decided, simply stated, is whether or not Defendant, Deveda M. Bates, under Virginia law, was a member of her parents' household on February 23, 1992, the date of the accident in which the Plaintiffs allegedly suffered damages as a result of the Defendant's negligent operation of a motor vehicle. Defendant's father, Stanley P. Bates, was insured by Allstate Insurance Company, and her mother, Georgia D. Bates, was insured by the Pennsylvania National Insurance Company. Allstate's coverage was $25,000.00 for each injury and $50,000.00 for each accident, and coverage provided by Pennsylvania National's policy was $100,000.00 for each injury and $300,000.00 for each accident. Counsel for the Plaintiffs urges that Plaintiffs are entitled to coverage under Defendant Bates's parents' respective policies with Pennsylvania National and Allstate if the Defendant was, in fact, "a relative of the named insured who is a resident of the same household."

The clauses in the policies issued by Pennsylvania National and Allstate are identical and, as counsel for Plaintiffs, Universal Underwriters Insurance Company and Central Mutual Insurance Company, correctly point out, are clauses of inclusion. Such clauses are generally interpreted in favor of coverage, i.e., the Supreme Court of Virginia has opined, "Where two interpretations equally fair may be made, the one which permits a

greater indemnity will prevail because indemnity is the ultimate object of insurance." *Central Surety & Insurance Corp. v. Elder*, 204 Va. 192, 129 S.E.2d 651, 655 (1963).

The facts germane to the issue of whether or not Bates was a member of her parents' household are essentially as follows: Bates resided at her parents' home full time until her graduation from high school in 1990. Thereafter, Bates and her parents quarreled frequently over Bates's refusal to abide by the rules established by her parents regarding Bates's lifestyle, hours, habits, and general deportment. Unable to conform to her parents' concept of acceptable conduct for a young girl living at the family residence, Bates would frequently leave her parents' home and stay with assorted friends at various locations. Despite the ongoing problems between Bates and her parents, it is clear from the record that she, nevertheless, frequently returned and stayed at her home during the period between 1990 and the time of the accident on February 23, 1992. The amount of time she actually spent at home was not firmly established; however, it is certain that she was never excluded permanently from the family home nor denied access at any time. Articles of her clothing and personal belongings remained in the house throughout the period in question, and she continued to use her parents' home as her address, 3900 Port Road, Chesapeake, Virginia 23321. Bates received mail at this address, and it was shown as her address on her driver's license. She had access to the kitchen, bath, etc., when she was at the residence and convalesced there following the accident. These circumstances are not consonant with a permanent departure from the family home as described in *Phelps v. State Farm Mutual Automobile Ins. Co.*, 245 Va. 1 (1993). The daughters in *Phelps* moved away to attend college in Northern Virginia, leased a town house, and changed their address on their drivers' licenses. In construing an *exclusionary provision* in the subject liability policy, the Supreme Court found that the plaintiff was not a resident of her mother's household. The complete residential severance in *Phelps* is inapposite to what occurred in the instant case.

Of considerable interest and urged upon the Court in support of the positions of Allstate and Pennsylvania National is the case of *Allstate Insurance v. Patterson*, 231 Va. 358, 362, 344 S.E.2d 890, 893 (1986). The Supreme Court found that a son was not a member of his father's household despite the son's insistence that his father's home was his home. The facts in *Patterson* are, however, clearly distinguishable from those in the case at bar. The son was twenty-six, married and divorced, lived at mo-

torcycle gang clubhouses, and shared a Virginia Beach apartment with a female companion. He used the gang's headquarters' address on job applications and was at his father's residence only ten percent of the time. The Supreme Court in *Patterson* found that the son was not a member of his father's household, the son's intent to the contrary notwithstanding.

The Court has examined the depositions of Bates and her parents, and their testimony is somewhat inconsistent. Bates states on page 35 of the May 27, 1994, deposition that she did not consider herself a member of the household, yet on page 33 of the same deposition, in response to questions by Mr. McVey, counsel for Central, she stated that her parents' home was her last residence, and while she had been looking for another permanent residence, she had not found one. These ambivalent responses will not alone support a finding that Bates, as a matter of law, was not a member of her parents' household; the Court must carefully examine the facts in their entirety rather than seizing upon a single statement, which is, in effect, a conclusion of law. The stated intent of Bates, in and of itself, when coupled with other questionable facts and events, is not determinative of the issue before the Court. *Cf. Patterson, supra.*

Equally amorphous is the deposition of Stanley P. Bates, Sr. Page 15 of his deposition contains the following colloquy commencing at line 11:

Q. At the time of the accident—I want to make sure we're clear. In the months before the accident, did you consider her to be part of the household?

A. Before the accident, yes.

Counsel for Pennsylvania National then sought to rehabilitate Mr. Bates's testimony, and subsequently, on page 19 of the deposition, Mr. Bates testified, in effect, that he considered Bates to be a part of the family but not a part of the household. Later on page 21 of the deposition, the following exchange occurred between Mr. McVey, counsel for Central, and Mr. Bates, commencing at line 5:

Q. But if she came to the door and wanted a place to stay, she was welcome; is that right?

A. Not to stay permanently, though.

Q. And did she have any permanent address other than yours that you know of?

A. None that I know of.

The facts of this case are perched astride the cusp that separates cases rejecting claims that a litigant is a member of a household and those sustaining the opposite position. While this case advances toward and near *Patterson*, it fails to arrive. The Court is unable to conclude that the facts in *Patterson* are sufficiently similar to control the outcome of the case at bar.

Again, the Court is not unmindful of the fact that the relationship between Bates and her family was not harmonious. Nevertheless, the Court believes it to be significant that she had free access to the home and is further persuaded that she had no other pre-eminent headquarters for mail, clothing, and, following the accident, succor. In *Lumbermen's Mutual Casualty Co. v. Pulsifer*, 41 F. Supp. 249, 251 (D. Me. 1941), cited by Central, the Court talked about a "collective body of persons living together with one curtilage, subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness." Arguably, the relationship of Bates with her parent may have diluted their "mutual interests and social happiness." The facts do not, in the Court's opinion, support the conclusion that the family unit was dissolved.

Accordingly, the Court having found two equally fair constructions of an insurance policy, the Court chooses the construction that favors greater indemnity and declares that the Defendant, Deveda M. Bates, was a member of her parents' household. Thus, under the policies issued to Bates's parents by Pennsylvania National and Allstate, coverage is available. The Court is mindful that the relief requested in the motion for declaratory judgment set out in paragraphs (A) through (E) has not been specifically addressed. If the above ruling is insufficient for counsel to sort out the priority of coverage, etc., the Court will, upon request, address these matters at a later date.