**DOWNTOWN NORFOLK
ENTERTAINMENT,
INC., Plaintiff,**

v.

**PENN–AMERICA INSURANCE
CO., Defendant.**

**Civil Action No. 2:07cv386.**

United States District Court,
E.D. Virginia,
Norfolk Division.

May 23, 2008.

Thomas Saunders Berkley, Vandeventer Black LLP, Norfolk, VA, for Plaintiff.

John MacDonald Robb, III, LeClair Ryan PC, Richmond, VA, for Defendant.

## OPINION AND ORDER

JEROME B. FRIEDMAN, District Judge.

Pending before the court is a motion for partial summary judgment, filed by the plaintiff, Downtown Norfolk Entertainment, Inc., and a cross-motion for summary judgment, filed by the defendant, Penn–America Insurance Co., pursuant to Rule 56 of the Federal Rules of Civil Procedure. After examination of the brief and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendant's cross-motion for summary judgment and **DENIES** the plaintiff's motion for partial summary judgment.

## I. Factual Background

This case arises out of a shooting that occurred at the Granby Theater, a nightclub located in downtown Norfolk, Virginia and owned by the plaintiff, Downtown Norfolk Entertainment, Inc. On March 28, 2007, Thomas Holmes was allegedly shot and seriously wounded by Joseph Reid, during a concert entitled the "Soul Survivor Birthday Bash." During the relevant time period in question, the plaintiff was insured by the defendant, Penn–America Insurance, under a commercial general liability policy, number PAC6610283, which covered the period from August 11, 2006 until August 11, 2007.

On March 30, 2007, the plaintiff sent notice of a claim to the defendant, seeking coverage under the policy for any loss that might result from the shooting. By letter

dated April 3, 2007, the defendant denied coverage, citing exclusions in the policy relating to assault and battery and liquor liability. However, the defendant also indicated its willingness to reevaluate coverage based on new information, and declined to take a final position on coverage until a lawsuit was filed. *See* April 3, 2007 Denial Letter, Exhibit 4 to Plaintiff's Brief in Support of Partial Summary Judgment. On or about July 27, 2007, Patricia Holmes, as representative for her incapacitated son, filed an action in the Circuit Court for the City of Norfolk (hereinafter "the Holmes action") against the plaintiff and others as a result of the bodily injuries sustained by her son, Thomas Holmes. The Holmes action alleged a single count of negligence against the plaintiff.

The defendant, after reviewing the complaint in the Holmes action, issued a letter dated August 2, 2007, in which it again denied coverage, noting that "the allegations in the complaint reveal that the injuries sustained to the plaintiff arise out of an assault and battery." August 2, 2007 Denial Letter, Exhibit 5 to Plaintiff's Brief in Support of Partial Summary Judgment. In the interim, the plaintiff filed a demurrer in the Holmes action, which was granted without prejudice. Ms. Holmes then filed an amended complaint in the Norfolk Circuit Court, which the plaintiff forwarded to the defendant for re-examination of its position on coverage. By letter dated January 11, 2008, the defendant once again denied coverage, but cited only the assault and battery exclusion as justification. *See* January 11, 2008 Denial Letter, Exhibit 6 to Plaintiff's Brief in Support of Partial Summary Judgment.

## II. Procedural History

On August 22, 2007, the plaintiff filed the instant action in this court, seeking a declaratory judgment that the policy covers the defense and indemnity of the Holmes action up to its limits of coverage and that the exclusion relied upon by the defendant does not apply. The complaint also seeks damages for breach of contract. On February 7, 2008, after obtaining leave of court, the plaintiff filed an amended complaint, reiterating and clarifying the claims of the initial complaint. On February 19, 2008, the defendant filed an answer, denying the material allegations of the amended complaint.

On March 31, 2008, the plaintiff filed the instant motion for partial summary judgment. The plaintiff contends that, in accordance with the so-called "eight corners rule," this court must compare the insurance policy at issue in the case with the complaint in the underlying state court action. Should the court determine that the state court complaint could result in a judgment which would be covered by the insurance policy, then the proper course of action is to order the defendant to provide a defense of its insured, the plaintiff, against the Holmes action. The plaintiff also contends that, because the assault and battery exclusion to the insurance policy in this case is ambiguous, the defendant cannot rely on it as justification for disclaiming coverage and defense. On April 11, 2008, the defendant filed a cross-motion for summary judgment and a memorandum in opposition to the plaintiff's motion for partial summary judgment, alleging that the policy is not ambiguous and that, pursuant to the "eight corners rule," the plaintiff is not entitled to coverage because the Holmes action is entirely predicated on an assault and battery.

On April 16, 2008, the plaintiff filed a reply brief in support of its motion for partial summary judgment and in opposition to the defendant's cross-motion for summary judgment. The defendant filed a reply brief in support of its cross-motion

for summary judgment on April 21, 2008. Accordingly, the motions are ripe for the court's consideration.

## III. Standard of Review

Summary judgment is only appropriate when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus.*, 763 F.2d 604, 610 (4th Cir.1985); Fed. R.Civ.P. 56(c). Although the court must draw all inferences in the non-movant's favor, once the movant has properly filed evidence supporting summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts in the form of exhibits and sworn affidavits illustrating a genuine issue for trial. *Celotex*, 477 U.S. at 322–24, 106 S.Ct. 2548; *Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393–94 (4th Cir.1994). In other words, while the movant carries the burden to show the absence of a genuine issue of material fact, when such burden is met, it is up to the non-movant to establish the existence of such an issue. *Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Summary judgment is not reserved for situations where no factual issues are in dispute; rather, to find against the moving party the court must find both that *material* facts are in dispute and that the disputed issues are *genuine*. Fed.R.Civ.P. 56(c). Disputed facts are material if they are necessary to resolving the case and to be genuine they must be based on more than speculation or inference. *See*

*Thompson Everett, Inc. v. National Cable Advertising, L.P.*, 57 F.3d 1317, 1323 (4th Cir.1995). If the moving party advances evidence suggesting that there is not a genuine and material dispute, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," as the existence of a scintilla of evidence is insufficient to defeat a motion for summary judgment. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348; *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992). Resolution of the instant matter through summary judgment is "especially appropriate ... because the construction of insurance contracts is a legal question well suited for resolution by the court." *Clark v. Metropolitan Life Ins. Co.*, 369 F.Supp.2d 770, 774 (E.D.Va.2005).

## IV. Discussion

■ At issue in this case at present is the duty to defend that an insurer owes its insured. In Virginia, the duty arises whenever a complaint against the insured contains allegations which, if proved, would fall within the risk that the policy was designed to insure against. *See Brenner v. Lawyers Title Ins. Co.*, 240 Va. 185, 189, 397 S.E.2d 100 (1990). The obligation to defend even extends to those situations where the underlying case is ultimately resolved with no liability against the insurer. *See, e.g., Fuisz v. Selective Ins. Co. of Am.*, 61 F.3d 238, 242 (4th Cir.1995). "[A]n insurer is excused from its duty to defend the insured only where the complaint against the insured clearly demonstrates no basis upon which the insurer could be required to indemnify the insured under the policy." *Id.*

In determining whether an insurance company has a duty to defend the insured, this court has applied the "eight corners" rule. *See, e.g., Penn–America Ins. Co. v.*

*Mapp,* 461 F.Supp.2d 442, 456 (E.D.Va. 2006). Under this rule, "[t]he court must review the policy language to determine the terms of the coverage at issue and compare it with the allegations in the underlying lawsuit to determine whether any of the claims asserted are covered by the policy." *Id.* In *Mapp,* the court applied the "eight corners" rule and held that the liquor liability exclusion proffered by the insurer in support of its denial of coverage did not sufficiently insulate it from potential liability to the state court plaintiff in a premises liability action. *Id.* at 457. Accordingly, the court found that the insurer had a duty to defend its insured. *Id.* at 458.

In the instant case, the plaintiff moves for summary judgment on its claim for declaratory relief, seeking the court to declare that the defendant has a duty to defend the plaintiff, its insured, against the Holmes action. The defendant cross-moves for summary judgment in its favor as to the entire amended complaint, and contends that, because the Holmes action is clearly predicated on an assault and battery, and the policy explicitly excludes from coverage such actions, it has no duty to indemnify the plaintiff should the plaintiff be held liable in the Holmes action and therefore, no duty to defend the plaintiff against that lawsuit. Although the parties devote significant portions of their briefs to arguing the relative merits of the "eight corners" rule, they both indicate agreement to the application of that rule to this case. Indeed, one major source of disagreement is the plaintiff's claim—and the defendant's opposition to the claim—that the insurance policy, and particularly the assault and battery exclusion, is susceptible to more than one reasonable interpretation, and therefore, is ambiguous. The parties also dispute whether the exclusion, even if not ambiguous, is broad enough to preclude coverage (and therefore a de-fense) of all of the claims in the Holmes action.

## A. Ambiguity of the Policy

■ The assault and battery exclusion, a separate document attached to the rest of the policy, reads, in pertinent part:

ASSAULT OR BATTERY GENERAL LIABILITY EXCLUSION THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM COMMERCIAL LIABILITY UMBRELLA

In consideration of the premium charge, it is understood and agreed that this insurance does not apply to liability for damages because of "bodily injury", "property damage", "personal and advertising injury", medical expense arising out of an "assault", "battery", or "physical altercation" that occurs in, on near or away from an insureds [sic] premises:

1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons or other persons in, on, near or away from an insured's premises, or

2) Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition, or

3) Whether or not caused by or arising out of any insureds [sic] act or omission in connection with the prevention, suppression, failure to warn of the "assault", "battery" or "physical altercation", including but not limited to, negligent hiring, training and/or supervision.

4) Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons or other persons.

Endorsement S2005 (06/05), Exhibit 1 to Plaintiff's Brief in Support of Partial Summary Judgment.

The plaintiff contends that, because there is no conjunction—such as "and" or "or"—between the phrases " 'personal and advertising injury' " and "medical expense arising out of 'assault', 'battery', or 'physical altercation,' " the language of the exclusion is ambiguous, in that it is reasonably susceptible to more than one interpretation. Specifically, the plaintiff claims that it would be reasonable to interpret the provision as excluding from coverage only the medical expense arising out of assault, battery, or physical altercation, and therefore that non-medical expense damages for bodily injury, property damage, and personal and advertising injury, if such damages arise out of assault, battery, or physical altercation, are not excluded by the provision. Accordingly, the plaintiff argues that it would be improper for the court to rewrite the language of the policy in this case in order to clarify its meaning.

█ It is true that, "[i]f an insurance policy is susceptible to two constructions, one of which would effectuate coverage and the other would not, it is to be construed liberally in favor of the insured and strictly against the insurer." *Penn–America Ins. Co. v. Mapp*, 461 F.Supp.2d 442, 456 (E.D.Va.2006) (citing *Cent. Sur. Corp. v. Elder*, 204 Va. 192, 198, 129 S.E.2d 651 (1963)). However, "an insurance policy is ambiguous only if it is susceptible of two reasonable interpretations." *Resource Bank v. Progressive Cas. Ins. Co.*, 503 F.Supp.2d 789, 796 (E.D.Va.2007) (internal quotation omitted). The defendant therefore argues that it is not reasonable for the court to interpret the assault and battery exclusion as applying solely to medical expense arising out of assault, battery, or physical altercation. Instead, the defendant contends that the exclusion "unequivocally applies to all bodily injuries resulting from assault or battery." Defendant's Brief in Support of Cross–Motion for Summary Judgment, at 13 (emphasis in original).

Although on first reading, the language in the assault and battery exclusion might appear to lack a conjunction in the location suggested by the plaintiff, it would seem that inserting such a conjunction would fail to clear up the alleged ambiguity. Were the phrase in question to read "this insurance does not apply to liability for damages because of 'bodily injury', 'property damage', 'personal and advertising injury', *and* medical expense arising out of 'assault', 'battery', or 'physical altercation' " instead of "this insurance does not apply to liability for damages because of 'bodily injury', 'property damage', 'personal and advertising injury', medical expense arising out of 'assault', 'battery', or 'physical altercation,' " the plaintiff no doubt would argue with equal force that the phrase "medical expense arising out of 'assault', 'battery', or 'physical altercation' " describes a discrete harm, compensation for which is excluded. Yet this is the same argument that the plaintiff now makes with regard to the phrase.

In actuality, however, were the court to interpret the exclusion in the manner suggested by the plaintiff, it would be required to ignore the significance of the terms which immediately precede the disputed phrase: "bodily injury," "property damage," and "personal and advertising injury." The plaintiff's contention, that " 'assault', 'battery', or 'physical altercation' " only modifies "medical expense" would thus lead to the conclusion that the insurance does not apply to liability for

bodily injury, property damage, and personal and advertising injury, without regard to whether the injury was the result of an assault, battery, or physical altercation. Such a conclusion, of course, would exclude a much broader category of injuries than would an exclusion that applied only to those injuries resulting from assault and battery. While the court doubts that the plaintiff desires such a result, it is the natural consequence of the interpretation that the plaintiff has proposed.

Aside from the fact that the interpretation proffered by the plaintiff would lead to a somewhat ludicrous result, the court notes that, in attempting to interpret the terms of the insurance policy, Virginia rules of construction require that the contract be read as a whole. *See Resource Bank v. Progressive Cas. Ins. Co.*, 503 F.Supp.2d 789, 796 (E.D.Va.2007). In reading the policy—and particularly the assault and battery exclusion—as a cohesive document, it is plain that the exclusion applies to limit coverage in those situations in which injury arises as the result of an assault, battery, or physical altercation. To limit the exclusion to only medical expenses resulting from assault and battery, as the plaintiff proposes, would be to construe the language of the policy contrary to both its plain meaning and the clear intent of the parties. *See Transcontinental Ins. Co. v. Caliber One Indem. Co.*, 367 F.Supp.2d 994, 1001 (E.D.Va.2005). Accordingly, the court finds that the only reasonable interpretation of the assault and battery exclusion is that it applies to all bodily injuries resulting from assault, battery, or physical altercation.

## B. Exclusion of Coverage

In support of its claim that the Holmes action alleges claims not precluded by the policy exclusions, the plaintiff relies heavily upon *Penn–America Ins. Co. v. Mapp*, 461 F.Supp.2d 442 (E.D.Va.2006), in which this court determined that the liquor liability exclusion in a policy issued by Penn–America did not obviate Penn–America's responsibility to defend its insured against claims for premises liability.[1] Specifically the underlying suit in *Mapp* involved claims that the insured had a duty to warn the injured party from a "known or reasonably foreseeable danger of harm to the plaintiff from the criminal life of the third party." *Id.* at 457. The suit also alleged that the insured had a duty to warn its

---

1. The plaintiff also cites three cases from outside of the Fourth Circuit to support its claim that even a broadly-construed assault and battery exclusion does not preclude coverage for claims that are based on the insured's negligence prior to any assault or battery. In *Sphere Drake, P.L.C. v. 101 Variety*, 35 F.Supp.2d 421 (E.D.Pa.1999), the court held that an assault and battery exclusion did not preclude the insurer from defending a suit following a shooting at a bar. The suit alleged negligence, gross negligence, negligence per se, and premises liability claims against the insured, but the assault and battery exclusion—contrary to that found in the instant policy—had no specific provision regarding premises liability. Further, it was alleged in *Sphere Drake* that the bar's owner had padlocked the rear door of the bar, thereby preventing egress—negligent conduct on the part

of the bar owner that had no causal connection to the shooting. *Id.* at 430. In the instant case, the allegations of negligent conduct on the part of the plaintiff all fall squarely within the assault and battery exclusion.

The other cases cited by the plaintiff are similarly unavailing. In *Essex Ins. Co. v. Starlight Mgmt. Co.*, 198 Fed.Appx. 179 (3rd Cir.2006) (unpublished), the court found a duty to defend an action for negligence against a nightclub where the assault and battery exclusion made no reference to negligence or premises liability. Likewise, in *QBE Ins. Corp. v. M & S Landis Corp.*, 915 A.2d 1222 (Pa.Super.2007), the court held that the insurer had a duty to defend where the complaint against the insured alleged negligence, whereas the assault and battery exclusion had no provision regarding negligence.

invitees of a known dangerous condition on the premises of its business. *Id.* In holding that Penn–America had a duty to defend its insured, the court found that the underlying state action "state[d] a claim for premises liability, not covered by the liquor liability exclusion." *Id.*

Although the plaintiff relies heavily on *Mapp* to support its claim that the underlying premises liability claims in the instant suit are similarly not excluded from coverage under the policy, significant factual differences between *Mapp* and this case demonstrate that the holding in *Mapp* is not dispositive of the issue of coverage. To begin with, the policy exclusion at issue in *Mapp* was the liquor liability exclusion; in the instant case, the parties are disputing the extent of the assault and battery exclusion. The two exclusions are markedly different both in scope and content. Whereas the liquor liability exclusion in *Mapp* makes no mention at all of the insured's premises, the assault and battery exclusion in this case states that the exclusion applies "whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition." Endorsement S2005 (06/05), Exhibit 1 to Plaintiff's Brief in Support of Partial Summary Judgment. Similarly, although the exclusion in *Mapp* does not purport to apply to cases involving failure to warn, the exclusion in the instant case states that damages resulting from assault and battery are excluded "whether or not caused by or arising out of

any insureds [sic] failure to warn of the 'assault', 'battery', or 'physical altercation.' " *Id.*

Accordingly, the holding of *Mapp* is of little moment to the court, because the *Mapp* court relied on the specific policy language to find the duty to defend, and the instant case involves a different insurance policy and a different exclusion.[2] In contrast, the defendant cites *Penn–America Ins. Co. v. Coffee,* No. 2:02cv632, slip. op. (E.D.Va.2005), in which this court, on remand from the Fourth Circuit, granted summary judgment in favor of Penn–America with regard to a similar claim involving the assault and battery exclusion to an insurance policy and the scope of the insurer's duty to defend. In *Coffee,* this court had initially declined to exercise jurisdiction over the declaratory judgment action. *See Penn–America Ins. Co. v. Coffee,* 238 F.Supp.2d 744 (E.D.Va.2003). On appeal, the Fourth Circuit reversed and, finding that the district court could address the declaratory judgment action without resolving the factual dispute in the underlying tort action, remanded to this court. *See Penn–America Ins. Co. v. Coffey,*[3] 368 F.3d 409 (4th Cir.2004).

Although the assault and battery exclusion in *Coffee* contains language different from that in the instant case, the defendant contends that the *Coffee* exclusion is narrower than that found in the instant policy exclusion. Specifically, the *Coffee*

---

**2.** The fact that it is the assault and battery exclusion, as opposed to the liquor liability exclusion, upon which the defendant relies to justify its position in this case does not dictate the inappositeness of *Mapp.* Rather, it is the fact, readily apparent to the court, that the provisions bear little resemblance to each other. Had the liquor liability exclusion at issue in *Mapp* included language regarding premises liability or the failure to warn, the plaintiff would have at least a colorable claim that

*Mapp* is useful in interpreting the instant policy. However, the complete absence of such language in the policy exclusion in *Mapp* results in its holding providing little guidance to this court, especially because the underlying action in this case involves claims relating to premises liability and failure to warn.

**3.** It is not clear why the Fourth Circuit renders the defendant's name "Coffey."

court examined an exclusion that reads, as follows:

In consideration of the premium charged, it is understood and agreed that this insurance will not provide coverage, meaning indemnification or defense costs for damages alleged or claimed for:

"Bodily injury", "Property Damage", Personal Injury, Advertising Injury, Medical Payments or any other damages resulting from assault and battery or physical altercations that occur in, on, near or away from an insured's premises;

1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the insured's employees, patrons or other persons in, on, near or away from the insured's premises, or

2) Whether or not caused by or arising out of the insured's failure to properly supervise or keep the insured's premises in a safe condition, or

3) Whether or not caused by or arising out of any insured's act or omission in connection with the prevention or suppression of the assault and battery or physical altercation, including, but not limited to, negligent hiring, training and/or supervision.

*Penn–America Ins. Co. v. Coffee*, No. 2:02cv632, slip. op. at 8–9 (E.D. Va. 2005).

As is clear from a comparison of the language of the two exclusions, the exclusion in the instant case tracks the language of that in *Coffee* with regard to parts 1, 2, and 3,[4] but also adds part 4, which is not present in the *Coffee* exclusion, and which purports to exclude claims that arise out of assault and battery, "whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons or other persons." Endorsement S2005 (06/05), Exhibit 1 to Plaintiff's Brief in Support of Partial Summary Judgment. After the case was remanded by the Fourth Circuit, the *Coffee* court granted summary judgment in favor of Penn–America, finding that coverage for the each of the underlying tort claims was excluded by the assault and battery exclusion.[5] *Penn–America Ins. Co. v. Coffee*, No. 2:02cv632, slip. op. at 10–14 (E.D. Va. 2005).

The plaintiff contends that the court did not adhere to the instructions of the Fourth Circuit in *Coffey*, in that it did not consider that personal injuries that resulted, "in part, from some action by [the insured or its employees] distinct from their role in the physical altercation," might constitute claims that were not excluded by the assault and battery exclusion. *Penn–America Ins. Co. v. Coffey*, 368 F.3d 409, 413 (4th Cir.2004). According to the plaintiff, the Fourth Circuit instructed this court to focus on the phrase "resulting from" in the assault and battery exclusion in order to determine the applicability of the exclusion to negligence claims against the insured. *Id.* at 414. However, examination of the Fourth Circuit's opinion in *Coffey* reveals that its principal instruction to the district court

---

**4.** Part 3 of the assault and battery exclusion in the instant case also includes language regarding the failure to warn.

**5.** Specifically, the court found that the claims alleging that the insured's employees acted negligently, resulting in an altercation and injuries to the tort plaintiff, were precluded by part one of the assault and battery exclusion. The court also found that claims alleging that the insured had failed to prevent or suppress the altercation by negligent hiring, training, or supervision of its employees were excluded by part three of the assault and battery exclusion.

was to "decide the scope of the *contractual* language, 'resulted from,' regardless of *who caused* [the victim]'s injuries." *Id.* (emphasis in original). This appears to be precisely what the court did on remand in *Coffee*, as it compared the allegations in the underlying tort action to the terms of the policy and determined that the assault and battery exclusion applied to bar recovery under the policy for each of the tort claims.

■ In applying the same analysis to the instant insurance policy, the court must conclude that the Holmes action states claims against the plaintiff that are excluded from coverage by the assault and battery exclusion. Part one of the assault and battery exclusion excludes coverage where, because of the direct or indirect involvement of the insured, an assault, battery, or physical altercation occurs whereby bodily injury is sustained. Part three of the exclusion excludes coverage where the insured fails to prevent, suppress, or warn of an assault, battery, or physical altercation because of the insured's acts or omissions including, but not limited to, negligent hiring, training, or supervision. Count One of the Amended Complaint in the Holmes action alleges that Thomas Holmes was the plaintiff's business invitee on the evening of March 28, 2007, and, as such, was owed a duty of care by the plaintiff to protect him from criminal acts of third parties. Specifically, paragraph 26 of the Holmes action Amended Complaint alleges that the plaintiff and others were negligent "in allowing an assault to be committed" against Thomas Holmes, in that they failed to warn him of an imminent probability of harm, failed to protect him from that imminent probability of harm, failed to provide adequate security, and failed to comply with certain ordinances of the City of Norfolk regarding security. Amended Complaint, Exhibit 3

to Plaintiff's Brief in Support of Partial Summary Judgment, at ¶ 26.

Similarly, Count Two of the Amended Complaint in the Holmes action alleges that the plaintiff and others "were negligent in allowing an assault to be committed" against Thomas Holmes, in that they failed to warn him of the reasonably foreseeable probability of harm, failed to protect him from such reasonably foreseeable probability of harm, failed to provide adequate security, and failed to comply with certain ordinances of the City of Norfolk regarding security. Amended Complaint, Exhibit 3 to Plaintiff's Brief in Support of Partial Summary Judgment, at ¶ 38. These claims fall squarely within parts one and three of the assault and battery exclusion, and therefore coverage under the policy for Counts One and Two is precluded.

■ Part four of the assault and battery exclusion precludes coverage of claims where, because of the negligent, reckless, or wanton conduct by the insured, its employees, patrons, and others, an assault and battery occurs which results in bodily injury. Count Three of the Holmes action Amended Complaint is entitled "Negligence Per Se," and alleges that the plaintiff was negligent in failing to provide security sufficient to warn and protect Thomas Holmes from the imminent probability of harm and a reasonably foreseeable danger. Part four of the assault and battery exclusion plainly applies to bar coverage with regard to Count Three.

## V. Conclusion

Because the insurance policy is not susceptible of two or more reasonable interpretations, it is not ambiguous, and the court will enforce it as written. An insurer has a duty to defend its insured if the complaint in the underlying action alleges a claim that, if proven, would subject the

insurer to coverage under the policy. In the instant case, the assault and battery exclusion clearly precludes all of the claims in the Holmes action from coverage under the policy. Accordingly, the defendant has no duty to defend the plaintiff in the Holmes action. Therefore, the court **DENIES** the plaintiff's motion for partial summary judgment and **GRANTS** the defendant's cross-motion for summary judgment with respect to each of the plaintiff's claims. The plaintiff's claims are **DISMISSED.**

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for the parties.

It is so **ORDERED.**